Zimmerman, J.
 

 In this court, the defendant relies on two assigned errors, which it states as follows:
 

 “1. The Common Pleas Court and the Court of Appeals erred in not entering final judgment for appellant [defendant], or in the alternative in not granting appellant a new trial.
 

 “2.
 
 The Common Pleas Court erred in the admission of evidence by permitting plaintiff to read to the jury all of plaintiff’s deposition taken as upon cross-examination by defendant prior to trial, the plaintiff not being present for trial, and the Court of Appeals erred in not reversing the judgment of the Common Pleas Court because of such error.”
 

 We shall discuss these alleged errors in the order listed.
 

 One who operates a store and invites people into his premises to transact business must exercise ordinary care to maintain the premises in a reasonably safe condition so that his customers will not be unnecessarily and unreasonably exposed to danger.
 
 J. C. Penney Co., Inc.,
 
 v.
 
 Robison, 128
 
 Ohio St., 626, 193 N. E., 401, 100 A. L. R., 705;
 
 S. S. Kresge Co.
 
 v.
 
 Fader,
 
 116 Ohio St., 718, 158 N. E., 174, 58 A. L. R., 132.
 

 And, in complying with such rule, a store operator should take into account that the aged and infirm as well as the young and robust may visit his establishment in response to his general invitation.
 

 
 *12
 
 Plaintiff contends that defendant was negligent in placing and maintaining' its bread counter and swinging door in such proximity, having knowledge that customers would congregate at such counter and might be in the range of such door when pushed open from the outside, and that such negligence was a proximate cause of plaintiff’s injury.
 

 Defendant, on the other hand, claims that it is chargeable with no actionable negligence in the arrangement of the counter and the door, and that plaintiff’s own negligence was directly responsible for the injury she sustained, in that she should have recognized and guarded against an obvious contingency.
 

 Under the circumstances narrated, a majority of this court entertains the view that negligence on the part of defendant, proximate cause, contributory negligence and whether an injury such as occurred to the plaintiff should have been foreseen by the defendant as a natural consequence of the condition created were all questions of fact properly left to the jury for its determination.
 

 As to the second error alleged, Section 11525, General Code, provides in part:
 

 “The deposition’of a witness may be used only when it is made to appear to the satisfaction of the court that * * * he is dead, or, from age, infirmity, or imprisonment, is unable to attend court * *
 

 Plaintiff was not present at the trial. Her attending physician became a witness and, among other questions, was asked:
 

 “Doctor, Mrs. Campbell is not in court today and I will ask you whether or not, in your opinion, she would be able to come in to testify.”
 

 His answer was:
 

 “I was asked concerning this and it was my advice that it was not advisable for her to do this. She is quite elderly and quite feeble.”
 

 
 *13
 
 Plaintiff’s son also testified as to his mother’s enfeebled condition.
 

 Under the statute quoted, a large amount of discretion is left to the court in deciding whether a witness, because of age or infirmity, is unable to attend court. If the court is satisfied that the witness is unable to attend for the reasons stated, his deposition may be used.
 

 The court allowed the duly filed deposition of plaintiff, in which she was examined by counsel for defendant and by her own counsel, to be read to the jury. In our opinion this was not such a patent abuse of discretion as to demand a reversal of the judgment in plaintiff’s favor, even though it appeared that plaintiff had attended church and had gone to a hospital for the taking of some X-ray pictures a comparatively short time before the trial.
 

 For an aged and infirm person, going to church or making a necessary visit to a hospital is quite different from the strain of attending a trial and, as a witness, being subjected there to direct examination and cross-examination.
 

 We find no reversible error in the judgment of the .Court of Appeals and such judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Stewart and Turner, JJ., concur.
 

 . Taet, J., concurs in paragraphs one and three of the syllabus.