On January 1, 1995, appellant, Candace Kidd, traveled to appellee, Center Point Plaza Shopping Center, to return some items to appellee, Value City Department Store. As appellant attempted to enter Value City, she walked up a handicap ramp and fell. Appellant sustained injuries to her lower back, left ankle, knee, wrist and shoulder.
On December 30, 1996, appellant filed a complaint against appellees and Regina Stuckey, general partner of the Plaza. On June 19, 1998, appellees filed a motion for summary judgment. By memorandum of decision filed September 14, 1998 and judgment entry filed October 1, 1998, the trial court granted said motion and dismissed appellant's complaint.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT'S DECISION GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT CONSTITUTES PREJUDICIAL ERROR AND IS IN VIOLATION OF OHIO RULE 56.
II
 THE TRIAL COURT'S DECISION GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT PRIOR TO THE SUBSTANTIAL COMPLETION OF DISCOVERY CONSTITUTES PREJUDICIAL ERROR.
III
 THE TRIAL COURT'S RULING THAT A PARTY MUST FILE AN AFFIDAVIT PURSUANT TO OHIO CIVIL RULE 56(F) FOR A COURT TO DELAY OR DENY A SUMMARY JUDGMENTRULING BECAUSE DISCOVERY IS NOT COMPLETE CONSTITUTES PREJUDICIAL ERROR.
IV
 THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT.
 I, IV
Appellant claims the trial court erred in granting summary judgment to appellees. We disagree.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule has recently been reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
Appellees do not dispute that appellant was a business invitee and they owed her a duty of ordinary care to maintain the premises in a reasonably safe condition:
 A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. See Campbell v. Hughes Provision Co.
(1950), 153 Ohio St. 9 [41 O.O. 107]. A shopkeeper is not, however, an insurer of the customer's safety. Further, a shopkeeper is under no duty to protect business invitees from dangers 'which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them to protect himself against them.' Sidle v. Humphrey
(1968), 13 Ohio St.2d 45 [42 O.O.2d 96], paragraph one of the syllabus.
 Paschall v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 203-204.
In Kresge Co. v. Fader (1927), 116 Ohio St. 718, 723-724, the Supreme Court of Ohio held "[o]wners or lessees of stores, * * * are not insurers against all forms of accidents that may happen * * *." Later, the court held "[i]n an action for personal injury, * * * [t]here must be testimony tending to show that some negligent act or omission by the storekeeper caused the customer to slip." The J. C. Penney Co., Inc. v.Robinson (1934), 128 Ohio St. 626, paragraph four of the syllabus.
In support of their motion for summary judgment, appellees presented the depositions of appellant and appellant's daughter, Jennifer Mays, photographs of the ramp and the affidavit of Charles Stuckey, appellee's general partner. With their reply memorandum, appellees filed their answers to appellant's interrogatories propounded by appellant after the filing of the summary judgment motion.[1]
In response, appellant also presented her deposition testimony. Appellant specifically claimed the ramp was "very slippery." Kidd depo. at 63. However, appellant could not state what had caused the ramp to be slippery. Id. at 63-64. Appellant acknowledged it had been raining earlier in the day prior to her fall, but it was not raining at the time of her fall. Id. at 52. Appellant stated there were puddles in the parking lot. Id. at 64-65. Appellant parked close to the store, walked to the store holding her granddaughter's hand, approached the handicap ramp that was designated by "bright" yellow paint and fell. Id. at 52-56; Exhibit B. Appellant described her fall as follows:
 A. I just remember holding onto Morgan's hand. My two daughters were behind me. And I walked up to the entrance to go to the store and took a step with my right foot on it. And then as I put my left foot down, my — it was — my foot slipped out from under me and I fell down.
 Id. at 58.
 A. Well, I know that I had tennis shoes on, that I was walking, and that it was just like, as the store manager said, like glass. It was very slippery.
 Id. at 63.
Appellant did not know if there had been any water on the ramp or any other substances or objects. Id. at. 66. Appellant was not aware of the paint on the ramp, but opined the yellow surface was more slippery than it should have been. Id. at 57, 69. Appellant presented no expert. Appellant claimed the store manager told her it was "like ice out there" and "he would pay any medical bills I had." Id. at 71.
Ms. May testified there was nothing on the surface itself but it was "obviously slippery." May depo. at 21. Although Ms. May stated there were no puddles on the ramp, she opined the ramp had to be wet given the circumstances. Id. at 21, 23. Ms. May witnessed the store manager's investigation of the ramp and heard him say it was "slippery like ice." Id. at 27. Ms. May also investigated the ramp and found it to be "very slick." Id.
at 28.
Mr. Stuckey's affidavit stated the ramp had been painted in July 1994, some five months prior to appellant's fall. The paint used was yellow traffic paint manufactured by Dean and Barry Company. There had been no complaints about the ramp prior to appellant's fall. Appellees' answers to appellant's interrogatories substantiated the painting, the painting contractor, the paint used and the lack of any history of complaints.
We are mindful pursuant to Civ.R. 56, all the evidence must be construed in the non-moving party's favor. Therefore, we conclude the ramp was slippery. However, this conclusion alone without any further evidence as to the cause of the slipperiness defeats appellant's claim. It is not enough to say "it was slippery." To carry the burden forward, there must be some showing of a lapse from ordinary care in the maintenance, painting or location of the ramp. No such showing was made.
Upon review, we find the trial court did not err in granting summary judgment to appellees.
Assignments of Error I and IV are denied.
 II, III
Appellant claims the trial court erred in granting summary judgment to appellees because discovery had not been completed. Appellant further claims the trial court erred in requiring her counsel to file an affidavit pursuant to Civ.R. 56(F). We disagree.
When appellant filed her response to appellees' motion for summary judgment, she averred that discovery had not been completed and there remained outstanding answers to interrogatories. Civ.R. 56(F) states as follows:
 Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.
Beyond appellant's failure to file the affidavit is even a more troublesome issue. The complaint was filed on December 30, 1996. On January 17, 1997 and January 27, 1997, appellees served appellant with interrogatories and a request for production of documents. On May 12, 1997, appellees filed a motion to compel the requested discovery. By order filed July 7, 1997, the trial court granted the motion and awarded attorney fees.
By notice filed November 7, 1997, the matter was set for mediation during settlement week, December 17, 1997. The mediator's report filed December 18, 1997 contained a notation that discovery was not complete.
By notice filed March 13, 1998, the matter was set for trial for September 29-30, 1998. On March 18, 1998, appellees filed a motion for dismissal and for sanctions for appellant's failure to respond to appellees' discovery requests and failure to comply with the trial court's July 7, 1997 order. By memorandum of decision filed April 23, 1998 and entry filed May 8, 1998, the trial court denied appellees' motion to dismiss but awarded appellees attorney fees on the discovery issue.
By notice filed June 1, 1998, a new trial date was set for October 20-21, 1998. Thereafter, a motion deadline was set for June 19, 1998 with the trial date continued to October 27-28, 1998. See, Agreed Entry and Notice, both filed June 12, 1998. Appellees' motion for summary judgment was filed on June 19, 1998. Thereafter, appellant propounded interrogatories to appellees which were not due until July 31, 1998. See, Plaintiff's Memorandum in Opposition filed July 20, 1998. The summary judgment schedule was appellant's response due July 20, 1998, appellees' reply due July 27, 1998 and hearing July 31, 1998. All counsel signed and assented to this schedule. See, Agreed Entry filed July 7, 1998. Appellees answered the interrogatories and attached the answers to their July 27, 1998 reply brief as Exhibit 1. The answers on the critical issues of causation for the slippery surface contained the same information as in Mr. Stuckey's affidavit filed with the June 19, 1998 motion for summary judgment.
We find appellant's case had much further to go than just the interrogatories propounded some fifteen months from the filing of the complaint. Based upon the procedural history of this case, Civ.R. 56(F) and the lapse of time since the filing of the complaint, we concur with the trial court's decision.
Assignments of Error II and II are denied.
The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Edwards, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] This discovery will be discussed in Assignments of Error II and III.