OPINION
Appellant Estate of Wavery Kemp, Jr. appeals the trial court's decision granting summary judgment in favor of appellee Chu Brothers/Charter House Inn, Inc. et al. Appellee argues the Ohio law exempts 1800 square foot pools from having a lifeguard. Additionally, appellee argues the Cuyahoga Commissioners licensed it to operate; it has signs prominently posted warning swimmers of the absence of a lifeguard; and it has rescue equipment in the pool area.
Appellant argues appellee is per se negligent because it failed to adhere to Euclid ordinance § 1741.10, which requires the presence of a lifeguard in all public swimming pools in its city, and appellee owed a duty of ordinary care to appellant, a business invitee of appellee's hotel. Appellant assigns the following errors for our review:
 I. IT WAS AN ABUSE OF THE TRIAL COURT'S DISCRETION TO GRANT SUMMARY JUDGMENT.
 II. APPELLEES' VIOLATION OF EUCLID CITY CODE SECTION 1741.10 IS NEGLIGENCE PER SE.
 III. BY NOT PROVIDING A LIFEGUARD AND/OR SURVEILLANCE EQUIPMENT APPELLEES BREACHED THE COMMON LAW DUTY OF CARE THAT THEY OWED TO WAVERY KEMP, JR.
Having reviewed the record and the legal arguments of the parties, we affirm the judgment of the trial court. The apposite facts follow.
The facts of this case are not in dispute. Appellant went into distress while swimming in appellee's swimming pool, and subsequently drowned. The pool did not have a lifeguard on duty. Appellee had signs posted in the area warning users that no lifeguard existed; this warning complied with Ohio Administrative Code Regulations § 3701-31-01 et seq.
The Cuyahoga County Board of Health inspected the pool under a contract with the City of Euclid, which had assigned the regulation of the pool to the county. The pool had been inspected, and under OAC no lifeguard is required for a pool of its size. However, the owner is required to warn its users that no lifeguard is on duty. The City of Euclid has an ordinance § 1741.10 dated 1965, which requires that a public pool have a qualified, skilled lifeguard.
The county does not require a lifeguard which complies with OAC. Appellant's friend, Topeka Washington, testified at her deposition that she and the deceased saw the signs and both knew that the pool did not have a lifeguard on duty. Euclid enacted its ordinance in 1965 and the OAC's amended rules were promulgated in 1994. A year later on November 20, 1995, Euclid contracted with Cuyahoga County to monitor its public pools. Cuyahoga County follows the mandate of OAC, which does not require a lifeguard in pools the size of appellee's. The County inspected and licensed appellee's pool and inspects it every three to four months. The pool has had a valid license for eleven years.
We will address appellant's second assigned error first, which argues the Euclid Ordinance is not in conflict with the OAC, but is an addition to OAC rules, and because appellee failed to comply with the Euclid ordinance, its conduct is per se negligent. Appellee argues OAC rules apply and the Euclid Ordinance is of no effect.
Summary judgment is appropriate when the following have been established: (1) there is no genuine issue as to any material fact; (2)the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Civ.R. 56 (C), Celotex v. Catrett (1986), 477 U.S. 317, 322-323,106 S.Ct. 2548, 91 L.Ed.2d 265.
Our standard of review in this summary judgment is de novo.
The Court of Appeals standard of review for summary judgment is the same as that of the trial court. The case should be reviewed denovo. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, citing Midwest Specialties, Inc. v. Firestone Co. (1988),42 Ohio App.3d 6, appeal dismissed (1988), 39 Ohio St.3d 710. In applying the de novo standard, the Court of Appeals reviews the trial court's decision independently and without deference to the trial court's determination. Brown, 87 Ohio App.3d at 711.
The burden of showing no genuine issue as to any material fact is on the party who requested the summary judgment. Dresher v.Burt (1996), 75 Ohio St.3d 280, citing Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, citing Hamlin v. McAlpinCo. (1964), 175 Ohio St. 517, 519-520. However, the non-moving party has the initial burden of showing a genuine issue of material fact for trial. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. See Dresher v. Burt, supra at 295, (limiting syllabus 3 of Wing v.Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108.) An issue is genuine only if the evidence is such that a reasonable jury could find for the non-movant. Anderson v. Liberty Lobby, Inc.
(1986), 477 U.S. 242. In the case sub judice, there is not a material issue of fact to be determined by the fact-finder.
In essence, appellee is not negligent per se because § 1741.10
of Euclid Ordinance is inapplicable.
Section 1741.10 provides:
 No swimming pool * * * open to the public, shall be used unless there is present during all the time that such swimming pool * * * is open for use, at least one person skilled in swimming and diving and in the administration of first-aid to persons overcome in the water.
However, in the instant action the licensor having jurisdiction is the Cuyahoga County Board of Health and not the City of Euclid. The City of Euclid has a contract with the Cuyahoga County Board of Health to provide public health services to the city. These services include the administration of the Ohio Administration Code (OAC) rules for swimming pools. Section 3701-31-05 (B) of the OAC provides that a pool with 1 to 1,999 square feet and less than fifty bathers is not required to have a lifeguard. However, the pool is required under Section 3701-31-04 (K) (3) to prominently post in the pool area a warning sign that no lifeguards are present. The pool located at the Chu Brothers Charter House Inn, Inc. measures 1,800 square feet and has signs prominently posted warning bathers that no lifeguard is on duty. The Inn has rescue equipment in the pool area as required by the OAC. The Inn has been operating with a valid license, and the Cuyahoga County Board of Health inspects the pool every three months. The inspection reports reveal that the Inn was in compliance with the safety regulations.
In the present case, a conflict does, however, exist between Euclid's local ordinance and the OAC's general ordinance. R.C. § 1.51 states:
 If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that the effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.
The OAC provision governing swimming pools was enacted in 1994, while the Euclid local ordinance was enacted in 1965. The OAC, being later adopted, prevails in the instant case, because there is no manifest intent that the special ordinance should prevail. Accordingly, the Euclid Ordinance is of no effect; appellant's second assigned error is overruled.
Additionally, we will review appellant's assigned errors one and three together. In substance, appellant argues the trial court erred in granting summary judgment on its common law negligence claim. We again review this error de novo.
An invitee is one who rightfully comes upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the premises owner. From this record, appellant's decedent was a business invitee. See Gladon v. Greater ClevelandRegional Transit Auth. (1996), 75 Ohio St.3d 312, reconsideration denied (1996), 75 Ohio St.3d 1452.
However, appellee was not an insurer of appellant's deceased's safety. A landowner owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. See Campbell v. Hughes Provision Co. (1950),153 Ohio St. 9 [41 O.O. 107]. Further, a landowner is under no duty to protect business invitee from dangers "which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Sidle v. Humphrey (1968), 13 Ohio St.2d 45
[42 O.O.2d 96], paragraph one of the syllabus; Paschal v.Rite-Aid Pharmacy (1985), 18 Ohio St.3d 203-204.
Here, appellant entered the swimming pool in the face of warning signs that appellee employed no lifeguard. Under these circumstances, appellee was not required to insure the decedent's safety. Accordingly, appellant's second and third assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and MICHAEL J. CORRIGAN, J.,CONCUR.