OPINION
On February 20, 1998, Paulette Chalfant filed a lawsuit in which she alleged that P.W. Motel Management, Inc., dba Comfort Inn (hereinafter "P.W. Motel Management"), was liable for injuries she sustained approximately two years earlier when she fell in the lobby of a Comfort Inn located at 1213 East Dublin-Granville Road in Columbus.
After service of process, P.W. Motel Management filed an answer in which it denied liability. Discovery was pursued and then the case was referred to arbitration. The arbitration panel found negligence based upon the fact that a warning should have been given as to the slippery condition of the floor, given the allegation that someone else had slipped the day before Ms. Chalfant's fall. The arbitration panel recommended an award of $7,500.
Following the arbitration hearing, more discovery was pursued. Counsel for P.W. Motel Management also appealed the arbitration award.
On March 24, 1999, defense counsel filed a motion for summary judgment on behalf of P.W. Motel Management, relying upon the deposition of Paulette Chalfant and the deposition of a witness to her fall, Gary L. Scherger. Counsel for Ms. Chalfant responded with a memorandum contra. Counsel for P.W. Motel Management then filed a reply memorandum.
Pursuant to a decision filed June 8, 1999 and journalized July 2, 1999, the trial court ultimately granted summary judgment in favor of P.W. Motel Management. Paulette Chalfant (hereinafter "appellant") has timely appealed, assigning a single error for our consideration:
 The trial court erred in granting summary judgment as issues of material fact exist rendering summary judgment inappropriate.
Preliminarily, we set forth the standards by which we are bound in reviewing a grant of summary judgment. Civ.R. 56 governs summary judgment, a procedural device designed to terminate litigation where a resolution of factual disputes is unnecessary. In particular, Civ.R. 56(C) provides, in pertinent part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
In addressing the appropriateness of rendering a Civ.R. 56 summary judgment, the Supreme Court of Ohio in Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66, set forth the well-established initial requirements: (1) there is no genuine issue as to any material fact; (2) the movant is entitled to judgment as a matter of law; and, (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, the nonmovant being entitled to have the evidence construed most strongly in his favor.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, the Supreme Court of Ohio clarified the respective evidentiary burdens borne by the parties seeking and defending against a summary judgment motion:
 * * * [T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. * * * That is, the moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. The evidentiary materials listed in Civ.R. 56(C) * * * must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. While the movant is not necessarily obligated to place any of these evidentiary materials in the record, the evidence must be in the record or the motion cannot succeed. * * * [A] moving party does not discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. The assertion must be backed by some evidence of the type listed in Civ.R. 56(C) which affirmatively shows that that nonmoving party has no evidence to support that party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E), which provides that:
 "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." [Emphasis sic].
Appellant's counsel argues that the trial court erred in granting summary judgment because genuine issues of material fact exist as to defendant's negligence in both the treatment applied to and/or maintenance of the floor surface, and as to defendant's failure to warn of a known latent hazardous condition.
To establish "actionable negligence," a plaintiff must demonstrate the following elements: the existence of a duty of care; a breach of that duty; and, injury proximately resulting from such breach. Mussivand v. David (1989), 45 Ohio St.3d 314,318, citing Di Gildo v. Caponi (1969), 18 Ohio St.2d 125. "The existence of a duty in a negligence action is a question of law for the court to determine." Mussivand, supra.
With respect to the duty owed appellant by P.W. Motel Management, the parties do not dispute that appellant was a "business invitee." A "business invitee" is "`one rightfully on the premises of another for purposes in which the possessor of the premises has a beneficial interest.'" Bowins v. Euclid GeneralHosp. (1984), 20 Ohio App.3d 29, 30, quoting Scheibel v. Lipton
(1951), 156 Ohio St. 308, paragraph one of the syllabus. InPaschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,204, the Supreme Court of Ohio explained the "duty of reasonable care" owed by a business entity to its invitee:
 A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. See Campbell v. Hughes Provision Co. (1950), 153 Ohio St. 9 * * *. A shopkeeper is not, however, an insurer of the customer's safety. Further, a shopkeeper is under no duty to protect business invitees from dangers "which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Sidle v. Humphrey (1968), 13 Ohio St.2d 45 * * *, paragraph one of the syllabus.
Therefore, since the defendant owed appellant a duty of reasonable care, the inquiry becomes whether there was sufficient evidence to support the trial court's ultimate conclusion that, as a matter of law, P.W. Motel Management did not breach this duty. In other words, construing the evidence most favorably to appellant, we review the record to determine whether reasonable minds could find that P.W. Motel Management was negligent.
Turning to the evidence adduced below, the record indicates that appellant slipped, without falling on, the lobby floor of the Comfort Inn on the morning of February 22, 1996. As a result of this slip, she fractured her ankle.
The lobby floor was made of smooth, ceramic tile. Nothing obstructed the view of the area and she noticed nothing in the way of foreign material.
When appellant fell, she was in the presence of two co-workers. Gary Scherger, one of the co-workers, was walking directly behind appellant. In his deposition, he described the floor surface as "very slippery." He denied the presence of spills of any kind and stated that, "the whole floor was slippery." He attributed the slippery condition of the floor to something being applied to the floor as a whole, like a wax or cleaning product. (Tr. at 12.)
The trial court accurately noted that P.W. Motel Management's duty of reasonable care included maintaining safe conditions so that its customers were not exposed to unreasonably unsafe conditions, including dangerous latent conditions that the customer could not be reasonably expected to discover. The trial court granted summary judgment based upon its conclusion that evidence upon which appellant relied amounted to no more than speculation that her slip on the floor was caused by some negligent act or omission by P.W. Motel Management.
We agree. Construing the evidence before the trial court most favorably to appellant, summary judgment was appropriate because no genuine issue of material fact existed as to whether or not P.W. Motel Management exercised reasonable care in keeping the premises safe for business invitees such as appellant.
The present case is similar two cases from this court upon which the trial court relied. In Gon v. Dick Clark'sAmerican Bandstand Grill (Feb. 11, 1996), Franklin App. No. 96APE07-910, unreported, Ms. Gon had no knowledge of what caused her fall at the time of her fall. Later, she theorized that she fell on some sort of wet spot on the floor, despite the fact that she had no water on her hands or clothing after the fall. A friend said that she (the friend) saw a wet spot on the floor through which Ms. Gon had walked immediately before the fall. No one could say how long the wet spot had been there or who was responsible for the spilling of the liquid which may have caused or contributed to Ms. Gon's fall.
Appellant is less than clear about what caused her to roll her ankle without falling. Normally, such a roll of the ankle would result from encountering unexpected traction, not slipperiness.
Colletti v. J.C. Penney Co., Inc. (Mar. 9, 1993), Franklin App. No. 92AP-1605, unreported, is even more factually analogous to the present case. Ms. Colletti also was unaware of what caused her fall. She knew that she slipped on a waxed floor, but she knew little else. Ms. Colletti also denied seeing any foreign substance on the floor. This court found that J.C. Penney Co., Inc., had not created a dangerous condition by, at most, waxing its floors the day before Ms. Colletti fell.
For the foregoing reasons, we overrule the assignment of error. Therefore, the judgment of the trial court granting summary judgment to defendant, P.W. Motel Management, is affirmed.
Judgment affirmed.
KENNEDY and PETREE, JJ., concur.