OPINION
Appellant, Jean D. Nienhaus, appeals the decision of the Franklin County Court of Common Pleas granting appellee's, The Kroger Company ("Kroger"), motion for summary judgment, and granting appellees', Liberty Building Services ("Liberty") and Metropolitan Building Services ("Metropolitan"), motion for summary judgment. In reaching its decision, the trial court concluded that Kroger had no duty to protect appellant under the circumstances surrounding her injury because the condition that existed at the time of her injury was either known to appellant or obvious and apparent so that she may reasonably have been expected to discover and protect herself from the allegedly dangerous condition. Thus, the trial court found that no genuine issue of material fact exists and that appellees were entitled to judgment as a matter of law. Appellant filed this timely appeal, asserting the following assignment of error:
 The trial court erred in granting the motions for summary judgment of Defendants-Appellees The Kroger Company, Liberty Building Services, Inc., and Metropolitan Building Services, Inc. where evidence exists which raises genuine issues of material fact not only as to whether the condition upon which Plaintiff fell was open and obvious, but also as to whether Defendants-Appellees had provided sufficient notice to Appellant of the existence of the hazard.
In the early morning hours of April 28, 1997, appellant was shopping at the Kroger store located on Bridge Street in Dublin, Ohio. Her daughter Kristina and her daughter's friend, Shannon May, accompanied appellant on this trip. Apparently, this was a frequent stop appellant and her daughter made on their way home after finishing work. While in the store, appellant allegedly slipped on a puddle of water, fell and injured her back and left knee. On April 23, 1999, appellant filed a personal injury claim in the Franklin County Court of Common Pleas against Kroger, Liberty and Metropolitan. After much discovery and procedural haggling, appellees were granted leave to file motions for summary judgment. On July 24, 2000, the trial court sustained appellees' motions for summary judgment and a judgment entry was filed on August 31, 2000. It is from this entry that appellant filed this timely appeal.
Preliminarily, as this matter arises out of the trial court's grant of summary judgment pursuant to Civ.R. 56, we review the trial court's determination independently, and without deference. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704. In conducting our review, we apply the same standard as the trial court. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103.
In accordance with Civ.R. 56, summary judgment may only be granted if, viewing the evidence most strongly in favor of the nonmoving party, no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion which is adverse to the nonmoving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A motion for summary judgment first forces the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280. If the moving party makes that showing, the nonmoving party then must produce evidence on any issue for which the party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, paragraph three of the syllabus (Celotex v. Catrett [1986], 477 U.S. 317,106 S.Ct. 2548, approved and followed).
In her appeal, appellant first argues that the trial court erred in concluding that the condition of the floor was open and obvious or, in the alternative, appellant was adequately warned of the hazard created by the cleaning process. Appellant asserts that, due to her status as an invitee on Kroger's property, she was owed a duty of reasonable or ordinary care to keep the premises in a reasonably safe condition for use in a manner consistent with that status. Appellant argues that genuine issues of fact exist whether appellees breached their duty to protect her, and were negligent in maintaining their premises in a safe condition by failing to mop the puddle of water upon which appellant slipped.
It is well-settled that a shopkeeper owes its patrons, as business invitees, a duty to exercise ordinary or reasonable care in maintaining their premises in a reasonably safe condition "so that its customers are not unnecessarily and unreasonably exposed to danger." Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, citing Campbell v. Hughes Provision Co. (1950), 153 Ohio St. 9. However, the Ohio Supreme Court made it plainly clear that a shopkeeper is not an insurer of the patron's safety against any danger. Id. The court stated "a shopkeeper is under no duty to protect business invitees from dangers `which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'" Id. at 203-204 (quoting Sidle v. Humphrey [1968],13 Ohio St.2d 45). Kroger argues that consistent with Paschal, it owed no duty to protect appellant in this case because the puddle in question was open and obvious. We disagree.
Paschal is distinguished from the case at bar in that the puddle of water upon which Larry J. Paschal slipped and fell was caused by snow and or rain that had been tracked into the store by other patrons. The Paschal court stated that, in such a case, the shop owner is not liable for injury caused by wet floors resulting from water carried in from outside by other patrons. See Paschal, supra, at 204. In the present case, other patrons did not cause the slippery condition in question. The record reflects that it was caused by the cleaning crew in the process of cleaning the premises. The testimony reflects that the scrubbing machine used to mop the floors that night normally left a trail of water, which requires another person to follow with a mop in order to eliminate and prevent the existence of puddles that could potentially be hazardous. The scrubbing machine operator testified that he did not see the individual responsible for mopping behind him as he turned around from the aisle where Ms. Nienhaus allegedly fell. It is thus our view that Paschal, inasmuch as it relieves Kroger from its duty to protect appellant, is inapplicable to the case at bar. The conditions upon which appellant allegedly slipped and fell were not open and obvious within the meaning of Paschal. Appellees then contend that, because appellant had been in the store on previous occasions as the floor was being cleaned and because nothing was blocking appellant's view of the water on the floor, the condition is open and obvious relieving Kroger of the duty it otherwise owes its invitees. This argument also fails because appellees' attempt to shift the duty imposed on them to that of appellant and those similarly situated. We cannot agree that shoppers who happen to frequent a store during cleaning hours assume the risk of being injured. We also note the obvious, that water is transparent and may not be easily detected by unsuspecting shoppers. The duty is on the shopkeeper to make sure that its premises are safe.
Appellant next argues that she was not adequately warned of the hazard created by the condition upon which she fell and injured herself. There is testimony that appellant fell in an aisle where no warning signs were posted. There is also testimony in the record that two "wet floor" signs were in the store at the time of appellant's fall: one in the produce section and the other in the pharmacy area. Appellant's daughter saw at least one of the signs. Appellant testified that she did not see either of the signs. Appellees contend that the two signs were adequate to give appellant notice of the condition of the floor, thus putting her on notice to exercise reasonable care to protect herself. The issue before us here is whether the two signs were adequate as a matter of law to put appellant on notice of the potential hazard of the floor condition on the morning in question. Viewing the evidence in light most favorable to appellant, it is a question of fact, where reasonable minds could differ, whether the two signs constitute adequate notice. It is for the trier of fact, based on the demeanor of the witnesses and the surrounding circumstances, whether to believe appellant's version of events or that of appellees. See Killilea v. Sears, Roebuck Co. (1985),27 Ohio App.3d 163, citing Duke v. Sanymetal Products Co. (1972),31 Ohio App.2d 78.
The evidence of appellant is that there were no warning signs in the near vicinity of the fall. A reasonable trier of fact could find that the two signs were insufficient to provide notice as to water on the floor in the aisle where the fall occurred. Earl Harris, IV (an employee of Liberty and the owner of Metropolitan) testified that his employees are trained to place a cone at the end of each aisle while cleaning. According to appellant's witnesses, there were no signs or cones at the end of the aisle where appellant fell. Harris also testified that they knew that the cleaning machine leaves water behind it and someone is to mop behind the machine, place the signs, and remove the signs after the water had dried. There is evidence that there was a failure to follow this procedure, thus leaving hard to detect water on the floor which caused appellant to fall.
Appellees further contend that summary judgment should be affirmed because of the lack of evidence in the record suggesting that Kroger had actual or constructive notice of the condition prior to appellant's fall. In Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584, the Ohio Supreme Court held that in order to prove a shopkeeper's negligence, an invitee must establish: (1) that the landowner or occupier through its officers or employees was responsible for creating the hazard; or (2) that at least one employee or officer had actual knowledge of the hazard but failed to eliminate it or give adequate notice of its existence; or (3) that such danger existed for a sufficient length of time that it is reasonable to infer that failure to warn against it or remove it was due to want of ordinary care. See Johnson, at 589. The first prong of this test appears to apply to the case at bar. Here, the employees of Metropolitan/Liberty created the hazard. The question whether the negligence of Metropolitan/Liberty may be imputed to Kroger is discussed below. But for purposes of this discussion, we assume that Kroger is liable for the negligence of Metropolitan/Liberty employees. Accordingly, all that is required of appellant to prove is that Metropolitan/Liberty employees created the hazard. Having met this burden, appellant is not required to prove that Kroger had either actual or constructive knowledge of the existence of the hazard. In Tandy v. St. Anthony Hosp. (Nov. 29, 1988), Franklin App. No. 88AP-551, unreported, we relied on the Ohio Supreme Court's holding in Presley v. Norwood (1973), 36 Ohio St.2d 29, and held that, "[w]hen the owner or occupier of the premises creates the hazardous condition, plaintiff is not required to show specifically that defendant had knowledge or notice. Knowledge or notice of the owner or occupier is required to be shown in slip-and-fall cases only where the alleged hazardous condition is created by someone other than the owner." See Tandy, supra, at 2. Accordingly, appellant, in the case at bar, is not required to prove that Kroger had actual or constructive knowledge since proof of creation of the hazard is equivalent to proof of knowledge. Id.
Finally, Kroger contends that, even if the hazard was not open and obvious and the warning signs were inadequate, it should not be held liable for the negligence of an independent contractor. There is no dispute that Metropolitan/Liberty is an independent contractor. The issue is whether Kroger can be held vicariously liable for the negligence of Metropolitan/Liberty. Kroger argues that it can only be liable if it actively participated in or directed the activities of the independent contractor. We disagree. The cases cited by Kroger are distinguished from the case at bar in that they are applicable to a contractor-subcontractor setting. While the general rule is that no liability attaches to owners or occupiers of land for the negligence of independent contractors, the rule is not without exceptions. One such exception is where the independent contractor is performing a non-delegable duty imposed by statute, contract, franchise or charter, or by the common law. See Albain v. Flower Hosp. (1990), 50 Ohio St.3d 251. As discussed above, Kroger is under the common-law duty of exercising ordinary care to protect its business invitees against harm while such invitees are on its premises. Kroger cannot escape that duty by delegating it to an independent contractor. Therefore, Kroger could be held liable for the negligence of Metropolitan/Liberty because the duty to protect appellant is a non-delegable duty.
Based on the forgoing, appellant's assignment of error is well-taken and sustained. The judgment of the Franklin County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this opinion.
______________________________________ McCORMAC, J.
PETREE and KENNEDY, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.