{¶ 29} I respectfully dissent.
 {¶ 30} Appellee owed appellant a duty of ordinary care unless the hazardous condition was open and obvious. One "who * * * invites people into his premises to transact business must exercise ordinary care to maintain the premises in a reasonably safe condition so that his customers will not be unnecessarily and unreasonably exposed to danger."Campbell v. Hughes Provision Co. (1950), 153 Ohio St. 9, 11 (citations omitted). However, one who owns or controls a business premises is not under a duty to protect a business invitee from dangers "which are known to such invitee or are so obvious or apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Paschal v. Rite Aid Pharmacy (1985), 18 Ohio St.3d 203, 203-204, quoting Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of syllabus.
 {¶ 31} Appellee asserts that the hazardous condition in this case was the system employed by appellee for reporting and repairing leaks. This chain reaction approach to determining what constitutes a "hazardous condition" would create liability, not on the basis of the condition causing the injury, but rather on the events occurring prior thereto, and would create open-ended liability for hazardous conditions. The majority's judgment herein would allow every plaintiff to argue that "if the defendant had only —", the condition would not have existed. Adherence to a rule such as the majority proposes, would impute liability to the owner of the premises for purely speculative dangers.
 {¶ 32} Under Ohio law, the hazardous condition is the condition that caused the plaintiff's injury. See Frost v. Dayton Power and Light Co.
(2000), 138 Ohio App.3d 182, 205 (Evans, J., dissenting); Beaver v.Nizen (Nov. 20, 1992), 11th Dist. No. 92-A-1701, 1992 Ohio App. LEXIS 5815, at *9-*10. In this case, that condition is the puddle.
 {¶ 33} Appellant has offered no evidence that appellee created the puddle, created the leak that caused the puddle, or had actual or constructive knowledge of the puddle before appellant's injury.
 {¶ 34} As the trial court correctly noted, appellant presented no evidence that any employee of appellee was aware of the existence of the puddle. Mere speculation that there could have been an employee who knew about the puddle or that appellee could have had a better means of reporting puddles is not enough. Braun v. Russo's Inc. (Jun. 1, 2000), 8th Dist. No. 76273, 2000 Ohio App. LEXIS 2339, at *9-*10; Altomare v.Columbiana County Career Ctr. (Dec. 3, 1997), 7th Dist. No. 97-C0-04, 1997 Ohio App. LEXIS 5616, at *5-*6. In the absence of such evidence, the appellee is simply not liable for appellant's injuries. Furthermore, "[i]t is not the duty of the persons in control of * * * buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in." Paschal, 18 Ohio St.3d at 203, quoting S.S. Kresge Co. v. Fader
(1927), 116 Ohio St. 718, 723-724.
 {¶ 35} The judgment of the Lake County Court of Common Pleas should be affirmed.