OPINION
{¶ 1} Plaintiff, Frances Stanfield, appeals from an order granting the motion to dismiss of Defendant, AMVETS Post No. 88 ("AMVETS").
 {¶ 2} Stanfield is a member of AMVETS. On the evening of June 4, 2004, Stanfield accompanied a friend to AMVETS' property to listen to a live band concert. About three hours after arrival, Stanfield went to the women's restroom. As Stanfield exited the women's stall within the restroom, another *Page 2 
patron entered the women's restroom, which caused the steel entrance door to strike Stanfield's right shoulder. Stanfield was knocked into the wall on the opposite side of the restroom and fell to the floor.
 {¶ 3} Stanfield was taken to the Upper Valley Medical Center Emergency room. She complained of severe pain in her right shoulder and tenderness over the anterior clavicle, and she was unable to raise her right arm over shoulder level. Stanfield had a series of x-rays, was diagnosed with a right humeral neck fracture, and followed up with an orthopedic surgeon, who recommended right shoulder replacement surgery.
 {¶ 4} Stanfield commenced an action against AMVETS on June 1, 2006, seeking damages due to AMVETS' negligence in failing to repair the restroom door that AMVETS knew opened in such a way as to create a hazardous condition for patrons using the restroom. AMVETS moved to dismiss the complaint pursuant to Civ. R. 12(B)(6) for failure to state a claim upon which relief could be granted. According to AMVETS, Stanfield's prior knowledge of the open and obvious danger of the restroom door was sufficient to dismiss Stanfield's complaint as a matter of law. The trial court granted the motion to dismiss on August 4, 2006. Stanfield filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY HOLDING THAT THEOPEN AND OBVIOUS DOCTRINE APPLIED AS A DEFENSE TO AMVETS WHEN STANFIELDWAS NOT ACTIVELY INVOLVED IN CAUSING THE *Page 3 ACCIDENT WHICH RESULTED IN HER INJURY AND WAS NOT PROVIDED A SAFEPLACE TO USE THE RESTROOM."
 SECOND ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY HOLDING THAT THEOPEN AND OBVIOUS DOCTRINE APPLIED AS A DEFENSE TO AMVETS WHEN THE TRIALCOURT FAILED TO CONSIDER THE ATTENDANT CIRCUMSTANCES SURROUNDINGSTANFIELD'S ACCIDENT AND RESULTING INJURY."
 THIRD ASSIGNMENT OF ERROR
 {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO APPLYTHE APPROPRIATE STANDARD OF REVIEW WITH RESPECT TO A 12(B)(6) MOTION TODISMISS THEREBY IMPROPERLY DISMISSING PLAINTIFF'S COMPLAINT."
 {¶ 8} Stanfield's three assignments of error are interrelated and will be addressed together. The trial court granted AMVETS' motion to dismiss, because "[t]he Plaintiff's complaint establishes she was injured by the women's restroom door being swung open by another patron. The injury occurred exactly as the risk she perceived on other occasions, according to her complaint. Thus, the open and obvious doctrine is applicable to this case. . . . The facts of this case as alleged in the complaint are very unfortunate. But the Plaintiff had admitted in the complaint she previously observed the manner in which the women's restroom door swung open thereby creating a *Page 4 
risk of harm to patrons inside the restroom. Thus she had prior knowledge of the very condition which injured her." Stanfield argues that the trial court erred in granting AMVETS' motion to dismiss. We agree.
 {¶ 9} The standard of review on a Civ. R. 12(B)(6) motion to dismiss, which raises questions of law, is de novo. Hunt v. Marksman Products,Division of S/R Industries, Inc. (1995), 101 Ohio App.3d 760, 762,656 N.E.2d 726. "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. UniversityCommunity Tenants Union, Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 752, at syllabus.
 {¶ 10} "A complaint should not be dismissed for failure to state a claim merely because the allegations do not support the legal theory on which the plaintiff relies. Instead, a trial court must examine the complaint to determine if the allegations provide for relief on any possible theory." Faunbulleh v. Strahan, 73 Ohio St.3d 666, 667,1995-Ohio-295. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." York v. OhioState Highway Patrol (1991), 60 Ohio St.3d 143, 145, 573 N.E.2d 1063. "A court must construe all material allegations in the complaint and all inferences that may be reasonably drawn therefrom in favor of the nonmoving party." Faunbulleh, 73 Ohio St.3d at 667 (citation omitted). *Page 5 
 {¶ 11} Stanfield's action against AMVETS involves an injury suffered on AMVETS' property as a result of an allegedly unsafe restroom door. A shopkeeper or property owner owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Campbell v. Hughes Provision Co. (1950), 153 Ohio St. 9, 11,90 N.E.2d 694. However, a property owner owes no duty to warn invitees entering the property of open and obvious dangers on his property.Simmers v. Bentley Construction Co. (1992), 64 Ohio St.3d 642, 644,597 N.E.2d 504 (citation omitted). In other words, a property owner is under no duty to protect business invitees from dangers that are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,203-04, 480 N.E.2d 474 (citation omitted).
 {¶ 12} "[W]hether a danger is open-and-obvious requires an extremely fact-specific inquiry." Henry v. Dollar General Store, Greene App. No. 2002-CA-47, 2003-Ohio-206, at _16. Consequently, comparing the facts of a given case with other cases is of limited value. This is especially so when most open-and-obvious cases are determined on summary judgment or after a trial, rather than on a motion to dismiss.
 {¶ 13} The allegations relevant to whether the trial court erred in finding *Page 6 
that Stanfield had sufficient, prior knowledge of the danger from the defective restroom door are contained in paragraphs 5, 7, and 8 of the complaint, which provide:
 {¶ 14} "5. At or around 11:00 p.m., Plaintiff, Stanfield, went to the women's restroom located inside Defendant, AMVETS Post No. 88. As Plaintiff, Stanfield, exited the women's stall another patron who was entering the women's restroom swung open the heavy steel entrance/exit door to the women's restroom and the door struck Plaintiff, Stanfield's, right shoulder. The impact of the steel door knocked Plaintiff, Stanfield, over to the opposite side of the restroom into the wall causing her to fall down.
 {¶ 15} "7. Plaintiff has been a patron of the Defendant, AMVETS Post No. 88, on numerous occasions prior to June 4, 2004 and had observed the manner in which the women's restroom door at Defendant's facility swung open thereby causing a risk of harm to the patrons inside the restroom.
 {¶ 16} "8. There have been numerous occasions when other women patrons who were in the restroom were hit by the restroom door as it was being opened by another patron entering the restroom. These patrons believed that because the door apparatus was not properly controlling the speed with which the women's restroom door opened and closed the situation has always created an unsafe condition for those inside the restroom."
 {¶ 17} Paragraph 5 of the complaint describes what happened on the *Page 7 
night in question and does not show that Stanfield had prior knowledge of the restroom door defect or the danger resulting therefrom. Paragraph 8 refers to other occasions where other patrons of AMVETS were hit by the defective door. There is no allegation, however, that Stanfield was aware of any of these other occasions prior to the night when she was injured.
 {¶ 18} Paragraph 7 of the complaint appears to be the one on which the trial court relied in granting the motion to dismiss. The lengthy sentence that comprises paragraph 7 of the complaint is not a model of clarity. But we are assigned the task of determining whether the material allegations in paragraph seven, and all reasonable inferences that can be drawn therefrom in favor of Stanfield, would allow Stanfield to proceed in her action against AMVETS. This is a very close issue. Despite the inartful structure of paragraph 7, however, we find that the allegations contained therein do not as a matter of law preclude recovery by Stanfield.
 {¶ 19} The first portion of paragraph 7 alleges that Stanfield has been a patron of AMVETS on numerous occasions prior to the night she was injured. The next portion of paragraph 7 alleges that Stanfield, on at least one occasion, had observed the manner in which the women's restroom door at AMVETS' facility swings open. It is unclear, however, from what vantage point Stanfield had observed the manner in which the door swings open. For example, there may be a crucial difference between witnessing the door swinging from outside the restroom versus witnessing it from inside the *Page 8 
restroom.
 {¶ 20} We are reminded that at the motion to dismiss stage reasonable inferences must be drawn in favor of Stanfield. Thus, until proven or alleged otherwise, we infer that Stanfield's vantage point was from a point outside of the women's restroom. Such an inference is reasonable given that there is no allegation that Stanfield ever used the restroom at AMVETS prior to the night she was injured. Presuming Stanfield witnessed the swinging door from outside of the restroom, it is also reasonable to infer that she did not have sufficient knowledge of the layout of the inside of the restroom to appreciate the dangers resulting from the manner in which the door swung open.
 {¶ 21} We do not suggest that Stanfield will or should prevail in her action against AMVETS. Ultimately, it may be shown through discovery that Stanfield had intimate knowledge of the dangers of the swinging door prior to when she was injured. At this stage of the proceedings, though, we can only consider the allegations within the complaint. We conclude that the material allegations contained in the complaint and the reasonable inferences from those allegations, when construed in favor of Stanfield, are sufficient to withstand AMVETS' motion to dismiss.
 {¶ 22} Stanfield's assignments of error are sustained. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion. *Page 9 
WOLFF, P.J. and BROGAN, J., concur.
(Hon. George M. Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1