[Cite as *Hallier v. Hopkins*, 2016-Ohio-2661.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

Dawn Hallier, et al.

Appellant

v.

Jeffery C. Hopkins, et al.

Appellees

Court of Appeals No. S-15-024

Trial Court No. 14 CV 12

**DECISION AND JUDGMENT**

Decided:  April 22, 2016

* * * * *

Amanda A. Krzystan, for appellant.

Thomas M. Coughlin, Jr. and Theresa A. Sherman, for
Appellee Patricia M. Bortel-Fishe.

James W. Hart, for appellee Local Carpenters Union 2239.

* * * * *

**SINGER, J.**

{¶ 1} This appeal is before the court on the accelerated calender pursuant to 6th

Dist.Loc.App.R. 12.

{¶ 2} In 2010, 13-year-old M.H. participated in a Labor Day parade in Fremont,

Ohio, by handing out candy to parade watchers.  She retrieved the candy from a moving

float sponsored by the local carpenter's union.  She was injured during the parade when the float ran over her feet as she was attempting to retrieve candy.  Appellant, the mother of M.H., filed a negligence action against appellees, Patricia Bortel-Fishe, driver of the vehicle pulling the float and Local Carpenters Union 2239.  Summary judgment was granted to appellees.  Appellant now brings this appeal.

{¶ 3} Appellate review of a summary judgment is de novo, *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), employing the same standard as trial courts.  *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989).  The motion may be granted only when it is demonstrated

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.  *Harless v. Willis Day Warehousing Co*., 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978), Civ.R. 56(C).

{¶ 4} The open-and-obvious doctrine is premised upon the legal recognition that one is put on notice of a hazard by virtue of its open and obvious character.  *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 80, 2003-Ohio-2573, 788 N.E.2d 1088.  "The rationale behind the doctrine is that the open and obvious nature of the hazard itself

serves as a warning.  Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992).

{¶ 5} The question of whether a danger is open and obvious is an objective one. *Goode v. Mt. Gillion Baptist Church,* 8th Dist. Cuyahoga No. 87876, 2006-Ohio-6936, 2006 WL 3804534, ¶ 25.  The fact that a plaintiff was unaware of the danger is not dispositive of the issue.  *Id*.  Hence, a court must consider whether, in light of the specific facts and circumstances of the case, an objective, reasonable person would deem the danger open and obvious.  *See Stanfield v. Amvets Post No.* 88, 2d Dist. Miami No. 06CA35, 2007-Ohio-1896, 2007 WL 1174445, ¶ 12.

{¶ 6} M.H. testified that during the parade, she was walking next to the moving float and would reach into the trailer to retrieve candy while the trailer was slowly moving through the parade route.  She did this a few times before she was injured.  Thus, it had to be obvious to her that there were moving wheels present.  Appellant's first assignment of error is found not well-taken.

{¶ 7} In her second assignment of error, appellant contends that the court erred in finding that M.H. assumed the risk.

{¶ 8} Under the doctrine of primary assumption of the risk, a plaintiff who voluntarily engages in a recreational activity or sporting event assumes the inherent risks of that activity and cannot recover for injuries sustained in engaging in the activity unless

3.

the defendant acted recklessly or intentionally in causing the injuries. *Santho v. Boy Scouts of Am.*, 168 Ohio App.3d 27, 2006-Ohio-3656, 857 N.E.2d 1255, ¶ 12 (10th Dist.). The doctrine is based on the fiction that the plaintiff has "tacitly consented" to the risk of injury inherent in the activity. *Collier v. Northland Swim Club*, 35 Ohio App.3d 35, 37, 518 N.E.2d 1226 (10th Dist.1987). The rationale behind the doctrine is that certain risks are so intrinsic in some activities that the risk of injury is unavoidable. *Id*.

{¶ 9} In a case much like this one, the Fifth District Court of Appeals held:

> We find the activity of walking along a moving float, distributing candy to spectators, and refilling one's supply of candy from a float that stops and starts throughout the parade, is an inherently dangerous activity from which risks cannot be eliminated. The specific dangerous activity was approaching the float near the exposed wheels that could start and stop as a result of parade traffic. *Kinkade v. Noblet*, 5th Dist. Richland No. 14CA4, 2014-Ohio 3172, ¶ 18.

{¶ 10} We agree with the Fifth District's reasoning and apply it to our case accordingly. Appellant's second assignment of error is not well-taken.

{¶ 11} The judgment of the Sandusky Court of Common Pleas is hereby affirmed, and costs of this action are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

4.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                   _____
                                                                              JUDGE

Arlene Singer, J.

                                   _____

Thomas J. Osowik, J.                                      JUDGE
CONCUR.

                                   _____
                                                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.

5.