OPINION
On December 20, 1999, Nathan Bozeman filed a document entitled "Pro Se Civil Action Complaint for Negligence" in the Franklin County Court of Common Pleas. Mr. Bozeman alleged that he had been seriously injured when he fell as a result of an accumulation of hand soap on the floor of the restroom of a Wendy's restaurant in Columbus.
In conformance with practice upon the filing of a civil complaint in the Franklin County Court of Common Pleas, a case scheduling order was generated. The original case scheduling order in this case set forth certain deadlines, including, inter alia: a discovery cut-off date of October 9, 2000; dispositive motions to be filed by September 25, 2000; and, decisions on motions to be rendered by November 20, 2000.
Following service of process on January 5, 2000, Wendy's International, Inc. ("Wendy's") ultimately filed an answer on March 31, 2000, by which it denied liability on several bases. The answer's certificate of service indicates that it was mailed to defendant on the same March 31 date it was filed. Several days later, on April 5, 2000, Mr. Bozeman filed a document entitled "Pro se plaintiff's motion for leave of court to file motion for default judgment out of rule."
Soon thereafter, on April 10, 2000, appellant filed a motion requesting a continuance of all remaining scheduling dates established via the case scheduling order when he filed the lawsuit. In support of this motion, he relied primarily upon his "pending" motion for default judgment.
Wendy's filed a memorandum opposing the latter motion. Wendy's pointed out that no such default motion was pending; what appellant had filed was a document requesting "leave to file" such a motion.
At the suggestion of defense counsel, the trial court construed appellant's motion as a Loc.R. 39.04 motion to amend the original case schedule. On May 10, 2000, the trial court journalized an entry overruling Mr. Bozeman's motion seeking a continuance of the original deadlines set by the case scheduling order. In so ruling, the trial court made a specific finding, required pursuant to Loc.R. 39.04, that appellant "failed to show good cause" for the requested continuances.
On August 24, 2000, appellant filed a document entitled "supplemental joint disclosure of witnesses of plaintiff," some of whom included "any/all employees of Wendy's working" at the Wendy's location where he fell on the date of the incident.
Wendy's pursued discovery by use of interrogatories and a request for production of documents. Mr. Bozeman attempted discovery, including a "request for production of documents and things for inspection," and "requests for admission[s]" mailed to defense counsel on August 29, 2000, and filed with the court on August 31.
Wendy's conducted a videotaped deposition of appellant on September 7, 2000, when he was then incarcerated at the Noble Correctional Institution. Although the videotape was evidently transcribed, at least in part, the transcript itself is not included in the record.
On September 22, 2000, Wendy's filed a motion for summary judgment, relying primarily upon Mr. Bozeman's deposition. In turn, Mr. Bozeman filed a memorandum contra the summary judgment motion and attempted to pursue further discovery. Specifically, on October 10, 2000, he filed a motion to compel discovery, essentially arguing that the discovery responses he had received were vague, incomplete, or otherwise inadequate.
On October 16, 2000, counsel for Wendy's filed a motion to strike Mr. Bozeman's memorandum contra its motion for summary judgment. In the alternative, defense counsel asked that the motion and its attached memorandum be considered a reply memorandum to the summary judgment motion.
Counsel for Wendy's also responded to Mr. Bozeman's motion to compel discovery, informing the court that its alleged incomplete responses to Mr. Bozeman's discovery requests were based upon, inter alia, issues related to privilege and the fact that Wendy's was not the entity which would have in its possession the information sought.
In a decision rendered December 29, 2000, and journalized pursuant to an entry filed January 25, 2001, the trial court ultimately granted Wendy's motion for summary judgment. The court ultimately determined, inter alia, that Mr. Bozeman had been a business invitee at the time of his fall, but that Wendy's had not breached its duty of care.
With respect to the evidence submitted by Mr. Bozeman, the court determined that the evidentiary material was not in a proper form which could be considered in ruling on a summary judgment motion.
Additional details of the trial court's decision are addressed at length below in our discussion of the pertinent assignments of error.
Nathan Bozeman ("appellant") has pursued a timely appeal of the trial court's decision granting Wendy's summary judgment. He has assigned ten errors for our consideration:
 1) Court erred when it failed to defer ruling on summary judgment motion to allow discovery.
 2) Court erred when it granted summary judgment motion not adequately supported by attached affidavit and whose evidence in support of motion was legally insufficient.
 3) Court erred when it did not consider evidence submitted in connection with summary judgment in a light favorable to nonmoving party.
 4) Court erred when it did not consider "all appropriate materials,["] and view those materials in a light favorable to nonmovant.
 5) Court abused its discretion when it granted Motion For Summary Judgment when there existed a genuine dispute about facts for which a reasonable jury could have found for the plaintiff.
 6) Court abused its discretion when it "tried a fact issue."
 7) Court abused its discretion when it and [sic] caused prejudicial harm when it did not apply Conditional Relevance Standard to plaintiff's documentary evidence.
 8) Court abused its discretion when it failed to apply Evid.R. 103(A) to defendant's objection to plaintiff's document evidence which requires that objections be specific, and when it failed to consider the same exhibits when offered as proof as addendum to Joint Final Pretrial Statement.
 9) Court abused its discretion when it considered as legally acceptable evidence in Defendant[']s Motion For Summary Relief [sic], the plaintiff's deposition transcript/video tape which had not been filed with the court or otherwise authenticated.
 10) Did the court abuse its discretion by not applying res ipsa loquitur[?]
As an overview of some of the pertinent facts of this case, the record reveals that prior to the incident at Wendy's, appellant walked with the help of a cane as the result of a previous back injury. When he fell on the restroom floor at Wendy's, the fall apparently happened when his cane slipped on something on the floor. He could not identify the substance on which his cane slipped; however, he was purportedly told by a Wendy's manager who inspected the floor shortly after the fall that the substance was liquid soap. There were apparently no independent witnesses to the actual fall. Appellant had no idea how long the substance had been on the floor and could not say what, if any, knowledge employees of Wendy's had of the soap or other substance before the fall occurred. In the words of appellant's initial complaint, he alleged:
 On February 6, 1998, at approximately 12:30 p.m., [appellant] entered Wendy's Restaurant located at 257 East Broad Street, Franklin County, City of Columbus, Ohio and as the [appellant] entered the customers' restroom at Wendy's, hand soap that had dripped from the soap dispenser onto the floor caused the [appellant] to slip and fall[,] resulting in emergency long[-]term hospitalization, loss wages[sic], job loss, [and] extreme pain and suffering of the mind and body. [Complaint at 1.]
His very concise, two-page complaint culminated with a prayer for relief seeking damages of at least $1,500,000.
On appeal, appellant's assignments of error, although some tend to overlap or otherwise become absorbed into other issues, fall generally into three categories: (1) a ruling on a procedural issue preceding the trial court's grant of summary judgment; (2) issues related to the trial court's treatment of certain evidence offered by appellant; and, (3) for several enumerated reasons, the trial court's grant of summary judgment itself.
By his first assignment of error, appellant argues that the trial court erred when it "failed to defer ruling on [the] summary judgment motion to allow discovery." In essence, appellant contends that the trial court erred in denying him additional time to conduct discovery for purposes of responding to Wendy's motion for summary judgment. Phrased somewhat differently, for purposes of appellate review, the trial court purportedly abused its discretion in overruling appellant's October 2000 attempt to pursue additional discovery via a motion to compel. As indicated infra, appellant believed that defense counsel failed to comply fully with appellant's discovery requests, including "evasive or incomplete answers." With respect to Wendy's claims that much of the information sought was protected by "privilege," appellant responded by filing a document specifically asking for an in camera inspection of those materials.
We look first to Civ.R. 56(F), which provides, in relevant part:
 Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just. [Emphasis added.]
Trial judges have broad discretionary authority over most discovery proceedings and, thus, as indicated above, our review of this issue is limited to ascertaining whether the trial court abused its discretion. It is well-established that such a standard of review mandates affirming a trial court's decision absent a showing that the judge acted unreasonably, unconscionably or arbitrarily. See, e.g., Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
In Glimcher v. Reinhorn (1991), 68 Ohio App.3d 131, motion to certify overruled (1991), 62 Ohio St.3d 1475, the court addressed an analogous Civ.R. 56(F) issue. This court stated, at 137-138:
 * * * Civ.R. 56(F) provides a method by which a party may seek a continuance on a motion for summary judgment so that he may obtain affidavits opposing the motion or conduct discovery relevant to it. In paragraph two of the syllabus in Gates Mills Investment Co. v. Pepper Pike (1978), 59 Ohio App.2d 155 * * *, the court recognized this principle, holding:
 "If a party opposing a motion for summary judgment cannot present by affidavit facts which are sufficient to justify his opposition[,] he may seek a continuance or deferral of the court's action on the motion by filing affidavits which must state sufficient reasons why he cannot then present by affidavit facts essential to justify his opposition to the motion and why or how the continuance, deferral of action, or discovery would permit him to obtain such facts. Civ.R. 56(F)."
The court further recognized:
 "* * * Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and reasons given why it cannot present facts essential to its opposition to the motion. * * * Id. at 169 * * *.
 As the court recognized, the burden is upon the party seeking to defer the court's action on a motion for summary judgment to demonstrate that a continuance is warranted. [Emphasis added.]
Pursuant to a single-sentence "decision and entry," the trial court disposed of appellant's motion to compel as "moot" after the court had granted Wendy's motion for summary judgment. Given our disposition below of the remaining assignments of error, we deem it "just," within the meaning of Civ.R. 56(F), to order the trial court to revisit the motion to compel, given the clear import of the necessity to appellant to attempt to prove his case. Appellant's motion set forth his "factual basis," and cited Civ.R. 37. In addition, appellant, in one of his numerous attempts to access critical information, informed the court that, due to his present incarceration, "prison rules and access to notary services was and remains a key issue in failure to submit a timely filed affidavit." While counsel for Wendy's responds that, in essence, it was not Wendy's fault or problem that appellant "chose" to file his action while he was incarcerated, we make the rather obvious, important observation that appellant's incarceration does not toll the applicable statute of limitations.
Civ.R. 37 governs motions for orders compelling discovery, and includes as potential grounds "evasive or incomplete answers." Civ.R. 37(A)(3). Appellant cited the rule, but the trial court failed to explain its rationale underlying its apparent conclusion that appellant's discovery requests were without merit.
While we do agree with defense counsel's assertion that the record reveals that some of the information sought by appellant appears to involve matters irrelevant to negligence issues and/or the lone-named defendant, i.e., information regarding the manufacturer of the soap dispenser, we are not prepared to summarily reject appellant's argument that the trial court should have addressed his discovery problems prior to ruling on the summary judgment motion. Given the circumstances of this case, the trial court erred in summarily overruling appellant's motion on grounds that it was "moot" after granting summary judgment.
The first assignment of error is sustained.
We turn now to those assignments of error challenging the trial court's treatment of the "evidence" appellant was able to present at the time his motion to compel discovery was pending. Specifically, to the extent each is implicated in this "category," we address assignments of error seven, eight, and ten. Unfortunately, appellant poses only "issues," without specific argument or authority in support.
Assignments of error seven and eight take issue with the trial court's disposition of "plaintiff's documentary evidence" appended as "exhibits" to, inter alia, his response to the motion for summary judgment. These documents were: (1) a photocopy of what appears to be a sink and some items above the sink, supposedly the soap dispenser and a mirror; (2) what appear to be typed transcripts of questions and answers, which are neither complete nor otherwise certified or authenticated; and, (3) what purports to be Wendy's policy/procedure practices regarding, inter alia, restroom maintenance. No legally sufficient affidavit or other authentication accompanied these exhibits.
In the trial court's decision granting summary judgment to Wendy's, the court expressly disallowed consideration of appellant's exhibits attached to his responsive memorandum. Citing Civ.R. 56, the trial court summarily rejected appellant's exhibits as improper because appellant "must do this through the use of an affidavit or as otherwise provided by the rule." (Decision at 3.)
Civ.R. 56(C) provides, in pertinent part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * * [Emphasis added.]
We agree with the trial court's conclusion that appellant's exhibits, to the extent they lacked any legally sufficient form of authentication, certification, or identification, are not proper materials contemplated by Civ.R. 56(C). See, also, Civ.R. 56(E). The rule specifically lists those items to be considered, and these items were legally insufficient as presented to the trial court.[1]
Accordingly, assignments of error seven and eight are overruled.
In final argument regarding his own "evidence," the tenth assignment of error, appellant argues that the trial court abused its discretion by not applying the rule of res ipsa loquitur, which in common parlance essentially translates to "the thing speaks for itself." In other words, the rule basically allows the trier of fact to draw an inference of negligence, and apply a "but for the negligence of the defendant" type of inquiry.
The trial court relied upon Hake v. Wiedemann Brewing Co. (1970),23 Ohio St.2d 65, in which the Supreme Court explained:
 It is well established by earlier decisions of this court that res ipsa loquitur is a rule of evidence which permits the trier of fact to infer negligence on the part of the defendant from the circumstances surrounding the injury to plaintiff. * * *
 To warrant application of the rule[,] a plaintiff must adduce evidence in support of two conclusions: (1) that the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. * * * [Id. at 66-67.]
We agree with the trial court in summarily rejecting this argument, since the rule is inapplicable under the circumstances of this case. Appellant has not yet adduced sufficient evidence to satisfy the first prong of the above test — what actually caused him to fall, i.e. what, if anything, was the "instrumentality," and whether solely defendant controlled it. Accordingly, res ipsa loquitur is not appropriate given the posture of this case.
Therefore, the tenth assignment of error is also overruled.
Finally, we reach the merits of appellant's various arguments in support of his contention that the trial court erred in granting summary judgment to Wendy's. The respective arguments are incorporated into assignments of error two, three, four, five, six and nine.
Before addressing the merits of appellant's remaining arguments, we set forth the well-established standards by which we are bound in reviewing summary judgment cases in general.
Civ.R. 56, which is set forth above in relevant part, governs summary judgment, a procedural device designed to terminate litigation where a resolution of factual disputes is unnecessary. In other words, in granting summary judgment, the trial judge determines that no trial is necessary because there exist only questions of law.
Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court. * * *" Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103.
In addressing the appropriateness of rendering a Civ.R. 56 summary judgment, the Supreme Court of Ohio in Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66, set forth the well-established initial requirements: (1) there is no genuine issue as to any material fact; (2) the movant is entitled to judgment as a matter of law; and, (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, the nonmovant being entitled to have the evidence construed most strongly in his favor. See, also, State ex rel. Gary v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183.
Significantly, as this court recently reiterated in a similar slip-and-fall case, "* * * [a] motion for summary judgment first forces the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact." Nienhaus v. The Kroger Co. (June 14, 2001), Franklin App. No. 00AP-1083 (emphasis added), citing Dresher v. Burt (1996), 75 Ohio St.3d 280. If, and only if, the moving party makes that initial showing, the nonmoving party then must produce evidence on any issue for which the party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus.
Defense counsel here acknowledges the state of the law in slip-and-fall cases such as these. With respect to the duty of care owed by Wendy's to appellant in this case, we again quote Nienhaus, supra, at 4:
 It is well-settled that a shopkeeper owes its patrons, as business invitees, a duty to exercise ordinary or reasonable care in maintaining their premises in a reasonably safe condition "so that its customers are not unnecessarily and unreasonably exposed to danger." Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, citing Campbell v. Hughes Provision Co. (1950), 153 Ohio St. 9. However, the Ohio Supreme Court made it plainly clear that a shopkeeper is not an insurer of the patron's safety against any danger. Id. The court stated "a shopkeeper is under no duty to protect business invitees from dangers `which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'" Id. at 203-204 (quoting Sidle v. Humphrey [1968], 13 Ohio St.2d 45.)
If such a danger did exist, the question then becomes whether and to what extent Wendy's had notice, actual or constructive, of the hazardous condition. If Wendy's had notice, the issue then becomes whether Wendy's provided adequate warning of the dangerous condition. However, this case never reached the latter portion of the negligence analysis.
Defense counsel and the trial court devoted virtually all of their respective analyses and discussions to a general dissertation of negligence law and the duty of care owed by Wendy's to its patrons. The trial court and counsel for Wendy's merely mentioned the legal burden a movant carries, pursuant to the foregoing case law, in order to prevail on this summary judgment motion. Moreover, defense counsel and the trial court focused primarily upon what appellant apparently would not be able to prove. Appellant argues that Wendy's failed to discharge its initial burden as a movant for summary judgment because it merely made "conclusory assertions that the nonvmoving party has no evidence to prove its case." We agree.
In Castrataro v. Urban (Mar. 7, 2000), Franklin App. No. 99AP-219, unreported, this court spoke to a similar Dresher issue, ultimately concluding that the defendants-movants failed to comply with Civ.R. 56 and Dresher. The Castrataro court stated:
 Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293
* * *. The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims. Id.; Vahilla v. Hall (1997), 77 Ohio St.3d 421
* * *. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher, supra, at 293 * * *; Vahilla, supra, at 430 * * *; Civ.R. 56(E). [Emphasis added.]
In the instant case, the trial court relied upon Wendy's "attachment," "Exhibit A," to its motion for summary judgment. This "attachment" is a portion of what purports to be a transcript of appellant's deposition, which, again, is not a part of the record. (Decision at 9-10.) The "attachment" comprises seventeen pages, variously numbered from page fourteen through eighty-four. The "attachment" does not identify either the party asking or answering questions. The "attachment," again, is not appended in its entirety; it begins with a question which was presumably preceded by other questions; it ends at page eighty-four in a similar disjunctive manner. The "attachment" is not file-stamped, certified, or otherwise authenticated in any manner. To a limited extent, defense counsel acknowledges before us the potential problems with its "evidence." However, defense counsel goes on to deem any such problems "harmless," notwithstanding the fact that this "attachment" comprised the entirety of its "evidence." Because this is a summary judgment case, the usage of "harmless" is clearly inappropriate here.
For the same reasons the trial court properly found appellant's evidence insufficient for purposes of Civ.R. 56(C), it should have treated Wendy's "attachment" exactly the same. The "attachment" does not satisfy Civ.R. 56 and, therefore, the trial court erred in granting Wendy's motion for summary judgment.
In the "conclusion" portion of the trial court decision, at page 13, the court stated:
 The Court finds that no duty was owed or breached by Defendant. It also finds that Defendant was not the cause of Plaintiff's fall. Therefore, three of the essential elements to Plaintiff's claim of negligence cannot be met. Construing the evidence before the Court in a light most favorable to Plaintiff, the Court finds that no genuine issue of material fact exists as to whether or not Defendant exercised reasonable care in keeping its premises safe for business invitees. [Emphasis added.]
Initially, we note that this conclusory paragraph is internally inconsistent. The first sentence is wrong in stating that "no duty was owed;" a business such as Wendy's certainly owes its patrons a duty, as discussed above. The final emphasized language ultimately reflects a correct statement of the duty owed a business invitee. The second sentence is also problematic; it reflects a premature factual finding by the court. Indeed, a reading of the trial court's decision in its entirety reveals that the "evidence," such as it was, was considered in a light most favorable to Wendy's, the movant. Such an analysis was wrong, given the procedural posture of the case.
For the same reason the trial court disallowed consideration of appellant's "exhibits" as violative of Civ.R. 56(C), the trial court erred as a matter of law in granting summary judgment to Wendy's, which also failed to comply with Civ.R. 56 and the case law interpreting the rule. Accordingly, those assignments of error challenging the trial court's grant of summary judgment to Wendy's are sustained to the extent indicated.
Accordingly, to the extent they challenge the trial court's grant of summary judgment to Wendy's, assignments of error two, three, four, five, and six are sustained.
In summary, assignments of error seven, eight and ten are overruled. To the extent indicated herein, the first, second, third, fourth, fifth, sixth, and ninth assignments of error are sustained.
This cause is reversed and remanded for proceedings consistent with this opinion.
 ___________________ TYACK, J.
BRYANT, P.J., and PETREE, J., concur.
[1] Given our disposition of the first assignment of error, which should result in the trial court's addressing anew many discovery issues, the problems with appellant's evidence might be rectified.