METROPOLITAN BOARD OF ZONING APPEALS OF MARION COUNTY, INDIANA ET AL. *v.* ARTHUR ET AL.

[No. 20,409. Filed February 17, 1967. No Petition for Rehearing filed.]

*William B. Patrick* of Indianapolis, for appellants.

*Norman R. Newman,* of Indianapolis and *Dann, Backer & Pecar, William F. LeMond, Joan R. Caldwell* and *Ben H. Hatfield,* all of counsel and of Indianapolis, and *F. Ross Vogelgesang, pro se,* of Indianapolis, all for appellees.

COOPER, C. J.—This is an appeal from the judgment of the Superior Court of Marion County, Room No. 2, of a statutory

certiorari proceeding for a judicial review of a decision of the Metropolitan Board of Zoning Appeals of Marion County, Indiana, denying a variance of use to the Appellees Roy Arthur and F. C. Marlowe for certain real estate owned by said Appellees.

It appears from the record now before us that the Appellees herein properly sought and obtained a zoning variance from the Marion County Board of Zoning Appeals to remove two residential and one commercial structure on said real estate owned by the Appellees and to construct and operate thereon a service station.

Thereafter, the Executive Director of the Metropolitan Plan Commission filed an appeal as provided for by Section 55-969, Burns' Indiana Statutes, to the Metropolitan Board of Zoning Appeals. Following the presentation of evidence including the testimony of witnesses, the Metropolitan Board of Zoning Appeals rendered its decision, reversing the decision of the Marion County Board of Zoning Appeals and denied the Appellees herein the authority to utilize their real estate as a service station.

The record reveals that after the commencement of the Appellees' Certiorari proceeding in the Superior Court of Marion County, Room 2, several of the defendants filed their demurrer averring therein that the Appellees failed to name the Executive Director of the Metropolitan Plan Commission a party defendant and further averring that the Appellees' petition did not state facts sufficient to entitle petitioners to a writ of certiorari, and that the complaint did not state facts sufficient to constitute a cause of action. We see no merit in the foregoing propositions advanced by the Appellants in their demurrer.

In reviewing the pertinent statutes in force and effect at the time this action began, we fail to find any provision which would make it necessary for the petitioners in a certiorari proceeding below, such as is now before us, to name the

Executive Director of the Metropolitan Plan Commission a party defendant.

The proceedings below are controlled and prescribed by Burns' Indiana Statutes, Sections 53-969 through 53-980. In reviewing the foregoing statutes, we find that the statutes expressly define who are adverse parties in a certiorari proceeding to review a zoning board decision. See Burns' Indiana Statutes, Section 53-975.

The Appellants have waived the other specifications of alleged error raised in their demurrer by failing to support such contentions of error by both cogent argument and citation of authority. See Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, Section 2677, 1963 Supplement, page 140.

The Appellants' remaining contentions are in substance: (1) The decision of the Court is not sustained by sufficient evidence; (2) the decision of the Court is contrary to law; and (3) the Court erred in its findings and in its conclusions of law. The Appellants in their brief state:

"Inasmuch as substantially the same question is raised under the above quoted grounds of the Motion for New Trial, they are here grouped and supported by one argument pursuant to the provisions of Rule 2-17 (e) of the Indiana Supreme Court."

They will be considered by us in the same manner. It affirmatively appears that the three foregoing contentions of the Appellants sought to be presented to us as error, depend upon the evidence. A search of the record reveals that there is not a bill of exceptions containing the evidence included with the Appellants' transcript of the record, nor was such bill of exceptions made a part of the record. Under such circumstances, the decision below will be affirmed. West's Indiana Law Encyclopedia, Vol. 2, Appeals, Section 286, Page 94; Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, Ch. 45, Section 2288, Page 97, and authorities cited therein.

The decision of the Superior Court of Marion County is affirmed.

Carson, Faulconer, and Prime, JJ., concur.

NOTE.—Reported in 223 N. E. 2d 589.