OPINION
{¶ 1} Plaintiff-Appellant Kitty C. Adkins ("Adkins") appeals from the July 21, 2006 Decision and Judgment Entry of the Court of Common Pleas, Paulding County, Ohio granting Defendant-Appellee Chief Supermarket's motion for summary judgment.
 {¶ 2} This matter involves a personal injury lawsuit and stems from an underlying incident occurring on May 24, 2003 wherein Adkins sustained injuries after falling at Chief Supermarket in Paulding, Ohio. On this date, Adkins entered Chief Supermarket as a customer to purchase beans for a cookout that afternoon. Chief Supermarket had rugs on the floor located at the entrance and exit of the store doors. Adkins was in the store approximately ten to fifteen minutes. As Adkins was leaving the store with her purchase, she looked to her left to see if anyone was entering the store. As no one was entering, Adkins proceeded out through the door. When Adkins reached the rug, her foot caught underneath it and she tripped and fell into the middle bar located between the entrance and exit doors. Adkins attempted to catch herself by grabbing the bar, but was unsuccessful. As a result of her fall, Adkins suffered injury to her arm, shoulder, wrist and hand.
 {¶ 3} On April 6, 2006 Adkins filed suit against Chief Supermarket, alleging that the proximate cause of her fall was a bunched up rug located in the *Page 3 
door's exit area over which she tripped. Adkins alleged that Chief Supermarket negligently failed to maintain the premises in a safe condition or warn customers of the hazard and allowed the rug to become bunched up, thereby creating a hazard. Adkins also alleged that she suffered injury and incurred medical expenses as a direct and proximate result of Chief Supermarket's negligence.
 {¶ 4} On June 6, 2006 Chief Supermarket filed a motion for summary judgment. On July 21, 2006 the trial court entered its Decision and Judgment Entry granting summary judgment in favor of Chief Supermarket.
 {¶ 5} Adkins now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OFDEFENDANT CHIEF SUPERMARKET WHEN THE RECORD PRESENTS GENUINE ISSUES OFMATERIAL FACT AS TO WHETHER THE DANGER APPELLANT ENCOUNTERED WAS OPENAND OBVIOUS.
 {¶ 6} In her sole assignment of error, Adkins contends that the trial court erred by granting summary judgment in favor of Chief Supermarket as sufficient evidence was presented to create a genuine issue of fact as to whether the danger encountered by Adkins was open and obvious.
 {¶ 7} An appellate court reviews a grant of summary judgment independently, without any deference to the trial court.Conley-Slowinski v. Superior Spinning Stamping Co. (1998),128 Ohio App.3d 360, 363, *Page 4 714 N.E.2d 991. The standard of review for a grant of summary judgment is de novo. Hasenfratz v. Warnement 3rd Dist. No. 1-06-03,2006-Ohio-2797 citing Lorain Nat'l. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 572 N.E.2d 198. A grant of summary judgment will be affirmed only when the requirements of Civ.R.56(C) are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Civ.R.56(C); Horton v. Harwich Chem. Corp.
(1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.
 {¶ 8} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 116, 526 N.E.2d 798. The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the non-moving party to produce evidence on any issue which that party bears the burden of production at trial. See Civ.R.56(E). In *Page 5 
ruling on a summary judgment motion, a court is not permitted to weigh evidence or choose among reasonable inferences, rather, the court must evaluate evidence, taking all permissible inferences and resolving questions of credibility in favor of the non-moving party. Jacobs v.Racevskis (1995), 105 Ohio App.3d 1, 7, 663 N.E.2d 653.
 {¶ 9} However, an inference or presumption of negligence does not arise simply because an invitee falls while on the premises of a shopkeeper. See Hodge v. K-Mart Corp. (Jan. 19, 1995), 4th Dist. No. 93CA528, unreported, citing Parras v.Standard Oil Co. (1953), 160 Ohio St. 315, 116 N.E.2d 300. Additionally, an inference of negligence does not arise from mere guess, speculation, or wishful thinking, but rather can arise only upon proof of some fact from which such inference can reasonably be drawn. Paras, paragraph two of the syllabus. Therefore, the plaintiff must "show how and why any injury occurred so as to develop facts from which it can be determined by a jury that the defendant failed to exercise due care and that such failure was a proximate cause of the injury." Boles v. MontgomeryWard (1950), 153 Ohio St. 381, 389, 92 N.E.2d 9.
 {¶ 10} To avoid summary judgment in a negligence action, "a plaintiff must show the existence of a duty, a breach of that duty, and an injury resulting proximately therefrom." Menifee v. Ohio Welding Products,Inc. (1984), 15 Ohio St.3d 75, 77, 472 N.E.2d 707. In a slip and fall case, the first task of a reviewing *Page 6 
court is to determine what duty of care is owed to the plaintiff.Hodge v. K-Mart Corp. supra.
 {¶ 11} In the present case, it is undisputed that Adkins was a business invitee and that Chief Supermarket was the owner of the premises where Adkins fell. An invitee, or business invitee, is defined as a person rightfully on the premises of another for purposes in which the possessor of the premises has a beneficial interest. Provencher v.Ohio Dept. of Transp. (1990), 49 Ohio St.3d 265, 266, 551 N.E.2d 1257
citing Scheibel v. Lipton (1951), 156 Ohio St.308, 102 N.E.2d 453.
 {¶ 12} A shopkeeper or property owner owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Campbell v. Hughes Provision Co. (1950), 153 Ohio St. 9, 11,90 N.E.2d 694. However, a property owner owes no duty to warn invitees of open and obvious dangers on their property. Weaver v. Steak n' ShakeOperations, Inc. 3rd Dist. No. 1-05-91, 2006-Ohio-2505 citing Simmers v. Bentley Constr. Co., 64 Ohio St.3d 642, 644,597 N.E.2d 504; Hacker v. Cincinnati (1998), 130 Ohio App.3d 764,721 N.E.2d 416. Stated another way, a shopkeeper is under no duty to protect business invitees from dangers that are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and *Page 7 
protect himself against them. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, 203-204, 480 N.E.2d 474; Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 223 N.E.2d 589, paragraph one of the syllabus.
 {¶ 13} In the present case, Adkins contends that the trial court failed to address the attendant circumstances surrounding her fall which created an issue of fact as to whether the danger encountered by her was open and obvious. Adkins claims that although she did not observe that the rug was "rumpled" or in any disarray as she was exiting the store, she notes that the entrance and exit of Chief Supermarket is such that it requires a person to be on the lookout for other people. Specifically, Adkins states in her affidavit in opposition to Chief Supermarket's motion for summary judgment that the attendant circumstances surrounding her exit included the following: carrying her groceries, the need to focus her attention on other shoppers around her, navigating through the doors, the elderly lady in front of her, the boy scouts just outside of the door, and the necessity of watching for incoming and exiting foot traffic due to the way the doors are situated.
 {¶ 14} However, to establish that Chief Supermarket failed to exercise ordinary care in the present case, Adkins must demonstrate the following:
 (1) That the defendant created the hazard; or
 (2) That the defendant had actual knowledge of the hazard and failed to give adequate notice of its existence or to remove it promptly; or *Page 8 
 (3) That the hazard existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care.
See Weaver v. Steak n' Shake Operations, Inc. 3rd Dist. No. 1-05-91, 2006-Ohio-2505 citing Ashbaugh v. Family Dollar Stores
(Jan. 20, 2000), Highland App. No. 99CA11 citing Johnson v. WagnerProvision Co. (1943), 141 Ohio St.584, 589, 49 N.E.2d 925.
 {¶ 15} In this case, Adkins testified that she did not observe the alleged "defect" until after she fell when her foot went under the rug. Adkins also testified that upon entering the store, she had walked over the same rug that she tripped on upon exiting. Adkins also stated that there was no change in the condition of the rug from the time she walked into the store until the time that she walked out, 10 or 15 minutes later. However, Adkins testified that as she was falling, she looked down and noticed that her right foot was under the rug and assumed that the rug must have bunched up.
 {¶ 16} Despite Adkins' contentions, we find no indication in the record that Chief Supermarket had any knowledge, actual or constructive, of the alleged "defect" of the rug, or that Chief Supermarket was in any way negligent. We note that the mere fact that Adkins slipped and fell is insufficient to create an inference that Chief Supermarket's premises were unsafe because there must be evidence showing that some negligent act or omission caused Adkins to slip and fall as the *Page 9 
mere happening of an accident gives rise to no presumption of negligence. Parras, 160 Ohio St. 315 at 319.
 {¶ 17} To reach Adkins' proposed conclusion that Chief Supermarket had negligently created the hazard of the rug becoming "bunched up" or negligently failed to maintain a safe premises, we would have to engage in impermissibly relying on multiple inferences. For Adkins to avoid summary judgment, it must not only be inferred that the rug was bunched up and that Adkins tripped on the rug itself, but also inferred that Chief Supermarket negligently allowed the unsafe condition of the rug to remain on its premises. However, Adkins has failed to show proof of some fact from which such inferences can reasonably be drawn. See Weaver v.Steak n' Shake, 3rd Dist. No. 1-05-91, 2006-Ohio-2505 at *4.
 {¶ 18} Upon review of the record, we find that Adkins has not presented specific facts creating a genuine issue of material fact as to whether Chief Supermarket created the hazard involving the rug or even had actual knowledge of the hazard and failed to give adequate notice of its existence or remove it promptly. Construing the evidence most strongly in favor of Adkins, we concur with the trial court's determination that reasonable minds can come to but one conclusion and that Chief Supermarket did not violate its duty of care. *Page 10 
 {¶ 19} Accordingly, the judgment of the Court of Common Pleas, Paulding County, Ohio granting Chief Supermarket's motion for summary judgment is affirmed.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1