OPINION *Page 2 
{¶ 1} The plaintiff-appellant, Michelle Muir, appeals the judgment of the Hardin County Common Pleas Court granting summary judgment to the defendant-appellee, Phi Mu Delta.
 {¶ 2} On October 19, 2002, Ohio Northern University hosted its annual homecoming parade through the streets of Ada, Ohio. The parade began at the Ada High School, and turned onto Main Street where it intersects with Montford Avenue. Various university organizations sponsored floats, including some of the Greek organizations. On this day, Phi Mu Delta, a fraternity, had a float in the parade, as did Theta Chi, another fraternity. The Phi Mu Delta float was located somewhere in front of the Theta Chi float. The Theta Chi float consisted of a pick-up truck with banners attached to the sides of the truck. The brothers had placed a mattress in the bed of the truck so the people riding in the float could sit comfortably. As the parade proceeded through town, people riding the floats tossed candy to the parade watchers, particularly small children.
 {¶ 3} At the time of the parade, Muir was a freshman, enrolled at Ohio Northern University. Muir had been asked to ride on Theta Chi's float, and she agreed to do so. Muir was participating in tossing candy to parade watchers when she was struck in the eye, apparently by a piece of candy. Muir was struck when *Page 3 
the float turned the corner at the intersection of Main Street and Montford Avenue. Also located at that intersection was a house known as the "Peach Pit." Although Phi Mu Delta's official fraternity house was located on campus, several of its members lived in the "Peach Pit." To watch the parade, people had gathered in front of the "Peach Pit," including members of Phi Mu Delta, some of whom were intoxicated and throwing candy at the people riding the floats.
 {¶ 4} On February 9, 2006, Muir and her parents refiled a complaint against Phi Mu Delta. The original complaint, filed in Hardin County Common Pleas Court case number 2004-1105-CVC, had been dismissed pursuant to Civ.R. 41(A). Muir's complaint alleged negligence and a claim for loss of consortium and sought more than $1,500,000 in damages. Phi Mu Delta filed its answer, and on February 24, 2006, the trial court granted Defendant's motion to transfer and admit all discovery filed in the prior case.
 {¶ 5} On July 3, 2006, the trial court granted Muir's motion to amend her complaint, and on that same date, Muir filed her first amended complaint, adding a claim for punitive damages. Phi Mu Delta timely filed its answer, and on July 24, 2006, it moved for summary judgment. Phi Mu Delta argued that Muir was unable to prove the elements of negligence, and that her parents' claim for loss of consortium had to fail because a parent cannot recover damages for the loss of consortium of an adult child. Furthermore, it argued that loss of consortium was a *Page 4 
derivative claim dependent upon the negligence determination. On July 31, 2006, Muir filed a memorandum in response, and on December 27, 2006, the trial court filed is judgment entry granting summary judgment to the defendant. The trial court found that Phi Mu Delta owed no duty to Muir, and even if it had owed a duty, Muir was unable to prove causation. Muir appeals the trial court's judgment, asserting one assignment of error for our review.
 Assignment of Error The trial court erred in granting summary judgment in favor of the defendant Phi Mu Delta because genuine issues of material fact existed as to the defendant fraternity's liability for the actions of its members.
 {¶ 6} An appellate court reviews a grant of summary judgment de novo, independently and without deference to the trial court's decision.Adkins v. Chief Supermarket, 3d Dist. No. 11-06-07, 2007-Ohio-772, at ¶ 7, citing Conley-Slowinski v. Superior Spinning and Stamping Co.
(1998), 128 Ohio App.3d 360, 363, 714 N.E.2d 991; Hasenfratz v.Warnement, 3d Dist. No. 1-06-03, 2006-Ohio-2797, citing Lorain Nat'l.Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 572 N.E.2d 198. "A grant of summary judgment will be affirmed only when the requirements of Civ.R. 56(C) are met." Adkins, at ¶ 7. The party moving for summary judgment must establish: (1) that there are no genuine issues of material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion and that conclusion is *Page 5 
adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Id., citing Civ.R. 56(C);Horton v. Harwich Chem. Corp., 73 Ohio St.3d 679, 1995-Ohio-286,653 N.E.2d 1196, paragraph three of the syllabus. In ruling on a motion for summary judgment, a court may not "weigh evidence or choose among reasonable inferences * * *." Adkins, at ¶ 8, citing Jacobs v.Racevskis (1995), 105 Ohio App.3d 1, 7, 663 N.E.2d 653. Rather, the court must consider the above standard while construing all evidence in favor of the non-movant. Jacobs, at 7.
 {¶ 7} The party moving for summary judgment must identify the basis of the motion to allow the non-movant a "meaningful opportunity to respond." Mitseff v. Wheeler (1988), 38 Ohio St .3d 112, 116,526 N.E.2d 798. In its motion, the moving party "must state specifically which areas of the opponent's claim raise no genuine issue of material fact" and must support its assertion with affidavits or other evidence as allowed by Civ.R. 56(C). Mitseff, at 115, citing Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, citingHamlin v. McAlpin Co. (1964), 175 Ohio St. 517, 519-520, 196 N.E.2d 781;Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107, 662 N.E.2d 264. If the moving party fails to meet its burden, summary judgment is inappropriate; however, if the moving party meets its initial burden, the non-moving party has a *Page 6 
"reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial * * *."Dresher, at 294.
 {¶ 8} In support of their respective positions, the parties filed the original depositions of Muir and Michael Tehan, the purported original deposition of Shawn Goodwin, and a copy of Cassandra Majchrzak's deposition. As an initial matter, we must address an evidentiary issue pertaining to these depositions. Civ.R. 56(C) states:
 [s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.
(Emphasis added). Civ.R. 30 governs depositions, and Civ.R. 30(F) requires that "[t]he officer shall certify on the transcribed deposition that the witness was fully sworn or affirmed by the officer and that the transcribed deposition is a true record of the testimony given by the witness." Although a certification page was attached to Goodwin's purported deposition and to the copy of Majchrzak's deposition respectively filed in this case, the page was not signed in either document.[1] Accordingly, the transcripts are not "depositions" for purposes of Civ.R. 56(C), *Page 7 
and we can not consider them.[2] Page v. Taylor Lumber, Inc.,161 Ohio App.3d 644, 2005-Ohio-3104, 831 N.E.2d 1017, at ¶ 20, citing State exrel. Corrigan v. Seminatore (1981), 66 Ohio St.2d 459, 467,423 N.E.2d 105; Biskupich v. Westbay Manor Nursing Home (1986), 33 Ohio App.3d 220,222, 515 N.E.2d 632. See also Trimble-Weber v. Weber (1997),119 Ohio App.3d 402, 406, 695 N.E.2d 344.
 {¶ 9} To survive a properly supported motion for summary judgment in a negligence action, the non-movant must establish that genuine issues of material fact exist as to whether "(1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury." Baraby v. Swords, 166 Ohio App.3d 527,2006-Ohio-1993, 851 N.E.2d 559, at ¶ 10, citing Texler v. D.O. SummersCleaners and Shirt Laundry Co., 81 Ohio St.3d 677, 680, 1998-Ohio-602,693 N.E.2d 271. "If a defendant points to evidence illustrating that the plaintiff will be unable to prove any one of the foregoing elements, the defendant is entitled to judgment as a matter of law." Baraby, at ¶ 10, citing Feichtner v. Cleveland (1994), 95 Ohio App.3d 388, 394,642 N.E.2d 657. *Page 8 
 {¶ 10} The following evidence was adduced through deposition testimony and used to support and rebut Phi Mu Delta's summary judgment motion. Muir testified that she was riding on the Theta Chi float during the homecoming parade. (Muir, Michelle, Dep., Nov. 16, 2005, at 13). Muir testified that as the float made the turn from Montford Avenue onto Main Street, she opened her eyes to see around the corner and was hit with a piece of candy. (Id. at 38). Muir indicated there was a large crowd gathered at the intersection, and she did not know who threw the candy that hit her. (Id. at 39-40). Muir stated that she could not identify anybody who had been on the corner, and the only knowledge she had was based on statements other people made to her. (Id. at 40). Muir testified that after she returned to school, one of the Phi Mu Delta brothers came to her dorm room and inquired about the possibility of a lawsuit. (Id. at 30). Muir indicated that during this conversation, he admitted that some of the Phi Mu Deltas were throwing candy in the direction of the floats; however, later in her testimony, Muir stated that the brother's asking about a lawsuit "implied" that members of the fraternity had engaged in throwing candy. (Id. at 30; 51).
 {¶ 11} Michael Tehan was a student at Ohio Northern University, and was a member or pledge of Phi Mu Delta at the time Michelle was injured. Tehan stated that the Phi Mu Delta fraternity house is located on-campus, and that the parade did not go near the fraternity house. (Tehan, Michael, Dep., Nov. 16, 2005, at 7; *Page 9 
9). Tehan testified that the "Peach Pit" is an off-campus house where some of the Phi Mu Delta brothers lived, and he indicated that on the morning of the parade there were "all sorts of people" at the intersection in front of the "Peach Pit." (Id. at 10; 17-18). Tehan stated that the people gathered by the "Peach Pit" were college students, with a mix of Phi Mu Delta brothers, people from other fraternities and sororities, and students who were unaffiliated with any Greek organization. (Id. at 24). Tehan knew that people other than Phi Mu Delta members were at the intersection because he knew some of the other people personally and was aware of their Greek affiliations. (Id. at 25). Tehan testified that there were people other than fraternity brothers throwing candy at the floats. (Id. at 20).
 {¶ 12} In this case, even if Phi Mu Delta owed a duty to Muir, there is no evidence on this record that a member of the fraternity breached that duty by striking her in the eye with a piece of candy. Although there is evidence that members of the fraternity were throwing candy, the evidence is undisputed that other people, unaffiliated with Phi Mu Delta, were throwing candy at the floats as well. Therefore, there is no evidence of a direct and proximate causal connection between members of Phi Mu Delta throwing candy at the float and Muir suffering injury to her eye. On this record, Muir did not present evidence to create a genuine issue of material fact, and she is not entitled to judgment as a matter of *Page 10 
law. The trial court did not err by granting summary judgment to the defendant, Phi Mu Delta. The sole assignment of error is overruled.
 {¶ 13} The judgment of the Hardin County Common Pleas Court is affirmed.
Judgment affirmed.
 ROGERS, P.J., and SHAW, J., concur. r
[1] The Court confirmed with the Hardin County Clerk of Courts that the appellate record, as detailed herein, was complete.
[2] However, even if we were to consider Majchrzak's deposition, which Muir contends creates a genuine issue of material fact, her argument would fail because Majchrzak's "opinion" is mere speculation. Majchrzak stated that members of Phi Mu Delta were located near the front porch of the "Peach Pit." She indicated that she could identify the members because some of them were wearing the fraternity's greek letters on their shirts, and she personally knew and recognized other members. Majchrzak stated that only the crowd gathered near the front porch of the "Peach Pit" was throwing candy at the parade participants. Therefore, she inferred that a member of Phi Mu Delta had necessarily thrown the piece of candy, which caused Muir's injury. However, Majchrzak never indicated that every person standing near the porch was a Phi Mu Delta, and she was unable to identify any alleged tortfeasor as a member of Phi Mu Delta. Therefore, her "opinion" is mere speculation and would not create a genuine issue of material fact. *Page 1