OPINION
{¶ 1} The plaintiff-appellant, George Portman, appeals the judgment of the Van Wert County Common Pleas Court denying his motion for summary judgment and granting the motion for dismissal filed by the defendant-appellee, Specialized Express L.L.C. On appeal, Portman argues that the trial court improperly denied his motion for summary judgment because it had previously deemed jurisdiction admitted by the defendant; that the trial court improperly denied his motion for summary judgment because jurisdiction is a question of law for the court; and that the trial court improperly granted Specialized's motion to dismiss when the evidence did not support dismissal. For the reasons set forth herein, the judgment of the trial court is affirmed in part and reversed in part.
 {¶ 2} On October 21, 2004, Portman, an Oklahoma resident, was employed as a truck driver by Specialized and sustained injuries in a collision in Ohio. Specialized had paid for Portman's transportation to Ohio, had interviewed *Page 4 
him in Ohio, had hired him in Ohio, and had based his employment in Ohio. As a result of his injuries, Portman filed a claim with the Bureau of Workers' Compensation, which was denied. Portman exhausted the administrative process, and on April 10, 2006, he filed an administrative appeal in the Common Pleas Court pursuant to R.C. 4123.512. The appeal listed Specialized and William E. Mabe, [1]
Administrator, Bureau of Workers' Compensation as defendants. Both defendants timely filed answers. On January 16, 2007, Portman filed a motion to deem facts admitted pursuant to Civ. R. 36 based on Specialized's failure to respond to discovery. The trial court granted the motion on February 2, 2007. As part of its judgment entry, the trial court deemed certain facts admitted and stated that venue in Van Wert County was appropriate and that Ohio had jurisdiction.
 {¶ 3} On February 15, 2007, Portman filed a motion for summary judgment on the issues of whether he was injured in the course of employment and whether he was entitled to participate in Ohio's workers' compensation fund. Specialized filed a memorandum in opposition on March 8, 2007 arguing that there was a genuine issue of material fact as to whether Portman was entitled to participate in the workers' compensation fund since he was required to file his claim in Indiana. On March 30, 2007, the trial court filed its judgment entry *Page 5 
granting partial summary judgment to Portman. The court determined that Portman was entitled to summary judgment on the issue of whether he was injured in the course of his employment. However, he was not entitled to summary judgment as to whether he was entitled to participate in Ohio's workers' compensation fund because there were genuine issues of material fact.
 {¶ 4} On August 1, 2007, Specialized filed a motion for summary judgment arguing that Portman lacked "standing" and could not participate in Ohio's workers' compensation fund. Specialized also filed a separate motion asking the court to dismiss the appeal pursuant to Civ. R. 12(B)(3) for improper venue. On August 13, 2007, Portman filed a memorandum opposing both of Specialized's motions. He also filed a motion requesting summary judgment that he was entitled to participate in the workers' compensation fund. On September 4, 2007, the trial court granted the motion to dismiss. In so doing, the court noted "undisputed evidence" that the parties had agreed to file any workers' compensation claims in Indiana and that Specialized had filed a C-110 notification form with the Bureau of Workers' Compensation pursuant to statute. Portman appeals the court's judgment, raising three assignments of error for our review.
 First Assignment of Error The trial court abused its discretion and committed reversible error by denying Plaintiff's request for summary judgment after *Page 6 the court deemed that subject matter jurisdiction, the diagnosed medical conditions and the cause of the medical conditions have been admitted by the Defendant.
 Second Assignment of Error The trial [court] abused its discretion and committed reversible error by holding that subject matter jurisdiction is a question for the fact finder rather than a legal question for the court.
 Third Assignment of Error The trial court improperly concluded that the evidence supports the conclusion that Indiana and not Ohio is the proper jurisdiction for Appellant to apply for workers' compensation benefits.
 {¶ 5} In the first assignment of error, Portman contends that the trial court erred when it denied his first motion for summary judgment in part. Portman argues on February 2, 2007, the trial court had found jurisdiction admitted by Specialized. In light of the February 2 judgment entry, Portman claims summary judgment was appropriate on the issue of whether he was entitled to participate in the workers' compensation fund. In the second assignment of error, Portman contends that subject matter jurisdiction is a question of law for the court to decide and not a question of fact, and therefore, the trial court erred when it determined that genuine issues of fact existed. The only argument raised by Specialized in response to the first and second assignments of error is that Portman did not list the court's March 30, 2007 judgment entry in its notice of appeal. Specialized *Page 7 
contends that Portman's failure to identify the judgment entry in his notice of appeal renders the first and second assignments of error moot under App. R. 3(D).
 {¶ 6} "Pursuant to App. R. 3(A), the only jurisdictional requirement for the filing of a valid appeal is the timely filing of a notice of appeal." Transamerica Ins. Co. v. Nolan (1995), 72 Ohio St.3d 320, 322,649 N.E.2d 1229. The courts of appeals have discretion to determine the appropriate sanctions, if any, for an otherwise defective notice of appeal. Id. Although Portman did not identify the March 30, 2007 judgment entry in the notice of appeal, we will address his assignments of error in the interest of justice.
 {¶ 7} In the first motion for summary judgment, Portman relied onPrendergast v. Indus. Comm. (1940), 136 Ohio St. 535, 27 N.E.2d 235, and set forth the factors to determine if an out-of-state resident had sufficient contacts with the state of Ohio to entitle him to benefits under the workers' compensation fund. Attached to his motion were a copy of the accident report, a copy of the court's February 2, 2007 judgment entry, the affidavit of Randal Williams, M.D., and Portman's affidavit. In his affidavit, Portman stated, "[a]t no time was it ever explained to me or discussed with me that I was to be considered as an employee in the state of Indiana for coverage under workers' compensation law."
 {¶ 8} In response to Portman's motion, Specialized argued there were genuine issues of fact as to whether Portman was required to file his claim in Ohio *Page 8 
or Indiana. Attached to its memorandum were a copy of an agreement to seek workers' compensation in Indiana signed by Portman on September 13, 2004, a copy of form C-110, which notified the Ohio Bureau of Workers' Compensation that Portman and other employees had agreed to seek benefits in the state of Indiana, and a copy of a certified mail return indicating that the Bureau had received an envelope from Specialized on September 20, 2004.
 {¶ 9} An appellate court reviews summary judgment issues de novo, independently and without deference to the trial court's decision.Ohio Govt. Risk Mgt. Plan v. Harrison, 115 Ohio St.3d 241,2007-Ohio-4948, 874 N.E.2d 1155, at ¶ 5, citing Comer v. Risko,106 Ohio St. 3d 185, 2005-Ohio-4559, 833 N.E.2d 712, at ¶ 8. "A grant of summary judgment will be affirmed only when the requirements of Civ. R. 56(C) are met." Adkins v. Chief Supermarket, 3d Dist. No. 11-06-07, 2007-Ohio-772, at ¶ 7. The party moving for summary judgment must establish: (1) that there are no genuine issues of material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Id., citing Civ. R. 56(C);Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679, 1995-Ohio-286,653 N.E.2d 1196, paragraph three of the syllabus. In ruling on a motion for summary judgment, a court may not "weigh evidence or choose *Page 9 
among reasonable inferences * * *." Adkins, at ¶ 8, citing Jacobs v.Racevskis (1995), 105 Ohio App.3d 1, 7, 663 N.E.2d 653. Rather, the court must consider the above standard while construing all evidence in favor of the non-movant. Jacobs, at 7.
 {¶ 10} The party moving for summary judgment must identify the basis of the motion to allow the non-movant a "meaningful opportunity to respond." Mitseff v. Wheeler (1988), 38 Ohio St .3d 112, 116,526 N.E.2d 798. In its motion, the moving party "must state specifically which areas of the opponent's claim raise no genuine issue of material fact" and must support its assertion with affidavits or other evidence as allowed by Civ. R. 56(C). Mitseff, at 115, citing Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, citingHamlin v. McAlpin Co. (1964), 175 Ohio St. 517, 519-520, 196 N.E.2d 781;Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107, 662 N.E.2d 264. If the moving party fails to meet its burden, summary judgment is inappropriate; however, if the moving party meets its initial burden, the non-moving party has a "reciprocal burden outlined in Civ. R. 56(E) to set forth specific facts showing that there is a genuine issue for trial * * *." Dresher, at 294.
 {¶ 11} "[W]hether a court has subject matter jurisdiction is a determination as to `whether the court chosen has the power or competence to decide the kind of controversy that is involved. * * * Questions of subject matter jurisdiction *Page 10 
typically are determined by reference to state or federal constitutional provisions or statutes that authorize particular courts to entertain certain categories of controversies.'" McBride v. Coble Express, Inc. (1993), 92 Ohio App.3d 505, 636 N.E.2d 356; quoting Friedenthal, Kane Miller (1985) 9-10, Civil Procedure, Section 2.2. Subject matter jurisdiction over workers' compensation cases has been granted to the Industrial Commission and common pleas courts by the General Assembly. R.C. 4123.54(H) provides employers and employees the ability to "opt out" of Ohio's workers' compensation fund by contract and with proper notice to the Industrial Commission. McBride, at 511, citing R.C. 4123.54.
 {¶ 12} The relevant portions of R.C. 4123.54(H) state:
 Whenever, with respect to an employee of an employer who is subject to and has complied with this chapter, there is possibility of conflict with respect to the application of workers' compensation laws because the contract of employment is entered into and all or some portion of the work is or is to be performed in a state or states other than Ohio, the employer and the employee may agree to be bound by the laws of this state or by the laws of some other state in which all or some portion of the work of the employee is to be performed. The agreement shall be in writing and shall be filed with the bureau of workers' compensation within ten days after it is executed and shall remain in force until terminated or modified by agreement of the parties similarly filed. * * * If the agreement is to be bound by the laws of another state and the employer has complied with the laws of that state, the rights of the employee and the employee's dependents under the laws of that state are the exclusive remedy against the employer on account of injury, disease, or death in the course of and arising out of the employee's employment without regard to the place where the injury was sustained or the disease contracted. *Page 11 
Under the plain terms of the statute, there are some factual determinations that must be made to determine if the trial court has jurisdiction, and this issue was raised through a summary judgment motion. The summary judgment standard clearly disallows judgment if there are genuine issues of material fact.
 {¶ 13} Furthermore, the trial court's deemed admission on February 2, 2007 that jurisdiction was appropriate in Ohio is not a final determination. Civ. R. 36(B) permits the withdrawal or amendment of deemed admissions "when presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action * * * on the merits." Based on the evidence submitted with Portman's first motion for summary judgment and Specialized's response as to subject matter jurisdiction, the court apparently found this standard satisfied and we cannot find an abuse of discretion in its decision. See Dray v. Gen. Motors Corp., 3d Dist. No. 1-05-35, 2006-Ohio-347, at ¶ 15, citing State ex rel. The V. Cos. v.Marshall, 81 Ohio St.3d 467, 469, 1998-Ohio-329, 692 N.E.2d 198 ("An appellate court will not reverse a trial court's decision regarding disposition of discovery issues absent an abuse of discretion.").
 {¶ 14} As noted above, Portman stated that Specialized had never explained or discussed with him his status as an employee of Indiana for purposes of workers' compensation. In their memorandum contra, Specialized produced an *Page 12 
agreement purportedly signed by Portman agreeing to file workers' compensation claims in Indiana. It also produced a C-110 form purportedly signed by Portman as well as other employees. Finally, Specialized produced a certified mail return from the Industrial Commission, which could indicate that the C-110 had been filed within 10 days as required by R.C. 4123.54(H). Regardless of the filing requirement and in light of Portman's affidavit, there are genuine issues of material fact as to whether Portman and Specialized agreed to pursue workers' compensation claims in Indiana. Since genuine issues of material fact exist, the trial court was required to deny summary judgment in its March 30, 2007 judgment entry. The first and second assignments of error are overruled.
 {¶ 15} In the third assignment of error, Portman argues that the trial court erred when it granted Specialized's motion to dismiss. Portman contends that Specialized submitted no evidence of its compliance with R.C. 4123.54. In particular, Portman claims that Specialized failed to produce a time-stamped copy of the C-110 form, and that the certified mail return proves only that the Industrial Commission received an envelope from Specialized. In response, Specialized asserts that the evidence it has submitted to both the Industrial Commission and the trial court establishes that it did comply with R.C. 4123.54.
 {¶ 16} Specialized filed its motion to dismiss based solely on Civ. R. 12(B)(3) for a lack of venue. Unfortunately for Specialized, its motion was *Page 13 
improper. Civ. R. 12(H)(1) provides: "a defense of * * * improper venue * * * is waived (A) if omitted from a motion in the circumstances described in subdivision (G), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course." Civ. R. 12(G) is inapplicable in this case; however, Civ. R. 12(B) states:
 Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (3) improper venue, * * * . A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.
(Emphasis added).
 {¶ 17} In its answer filed on May 1, 2006, Specialized failed to raise any defenses. Also, contrary to Civ. R. 12(B), Specialized did not file a motion to dismiss under Civ. R. 12(B)(3) until August 1, 2007, more than one year after filing its answer. Accordingly, Specialized has waived lack of venue as a defense. Gould v. Alternatives Unlimited, Inc. (Sept. 12, 2001), 9th Dist. No. 20459; McGannon v. A. Am.Entertainment Corp. (Jul. 15, 1999), 8th Dist. No. 76002 (lack of venue must be raised by motion before an answer is filed, or in the *Page 14 
answer, or the defense is waived). See also Nicholson v. N. Cent.Correctional Inst, 3d Dist. No. 9-02-44, 2003-Ohio-303, at ¶ 6, f.n. 6.
 {¶ 18} We note that jurisdiction may be raised sua sponte, even on appeal. Orthopedics and Sports Medicine, Inc. v. Stover, 3d Dist. No. 14-06-32, 2007-Ohio-899, at ¶ 10, citing Davison v. Rini (1996),115 Ohio App.3d 688, 686 N.E.2d 278. Although Specialized's motion was brought under Civ. R. 12(B)(3), it appears the company was attempting to challenge jurisdiction. In their brief, Specialized pointed out the testimony of Marci Hinton, who allegedly testified at the administrative hearing that the C-110 form was filed with BWC. However, the transcript of the administrative hearing is not part of the appellate record, and in fact, was never filed with the trial court. As such, we may not consider Specialized's "evidence" of compliance with R.C. 4123.54(H). App. R. 9(A), (B); Erie Ins. v. Williams, 9th Dist. No. 23157, 2006-Ohio-6754. While a plaintiff may bring a case in only one jurisdiction, it does not necessarily follow that jurisdiction is exclusive. The third assignment of error is sustained.
 {¶ 19} The judgment of the Van Wert County Common Pleas Court filed on March 30, 2007 is affirmed, but the judgment filed on September 4, 2007 is reversed. This cause is remanded for further proceedings.
Judgment affirmed in part, reversed in part, and cause remanded.
 SHAW, P.J., and PRESTON, J., concur.
[1] We note that the caption of this case has gradually evolved throughout the proceedings. As mentioned above, the appeal lists William E. Mabe as the Administrator of the Bureau of Workers' Compensation. Other filings are simply captioned "George R. Portman v. Administrator, Bureau of Workers' Compensation, et al." and the notice of appeal in this Court is captioned "George R. Portman v. Marsha P. Ryan, Administrator, Bureau of Workers' Compensation." *Page 1