[Cite as *Cerimele v. Vanburen*, 2013-Ohio-1277.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JEANNINE CERIMELE | ) | CASE NO. 11 MA 159 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MAX M. VAN BUREN, D.V.M. | ) | |
| FAIRFIELD ANIMAL HOSPITAL | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the County Court No. 5
                              of Mahoning County, Ohio
                              Case No. 11 CVF 94 CNF

JUDGMENT:                     Affirmed.

APPEARANCES:

For Plaintiff-Appellant:      Atty. Robert D. Vizmeg
                              Anzellotti, Sperling, Pazol & Small Co.
                              21 N. Wickliffe Circle
                              Youngstown, Ohio  44515

For Defendants-Appellees:     Atty. John A. Fiocca, Jr.
                              Smith, Rolfes & Skavdahl Co., LPA
                              65 East State Street, Suite 2000
                              Columbus, Ohio  43215

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                              Dated:  March 29, 2013

WAITE, J.

**{¶1}** Plaintiff-Appellant Jeanine Cerimele ("Appellant") appeals the Mahoning County Court's decision granting summary judgment to Defendant-Appellee Max M. Van Buren, D.V.M., ("Dr. Van Buren"). The appeal arises out of a veterinary malpractice action against Dr. Van Buren in connection with the treatment of Appellant's dog, Sir Bentley ("Bentley"). Appellant argues that she submitted an affidavit from an expert witness and that the affidavit created enough genuine issues of material fact for her to survive summary judgment. Appellee contends that there were no genuine issues of material fact because the affidavit of Appellant's expert testimony was not timely filed. As such, the trial court was not obliged to consider the affiant's testimony when ruling on the motion for summary judgment. Appellee further contends that the affidavit, even if timely filed, did not create any material issue of fact regarding proximate cause. Appellee is correct. Appellant did not establish that any genuine issue of material fact was in dispute that would prevent judgment in favor of Dr. Van Buren, and the judgment of the trial court is affirmed.

Statement of Facts

**{¶2}** Dr. Van Buren, D.V.M., has been practicing veterinary medicine for over thirty years, doing business as Fairfield Animal Hospital, a registered trade name, since 1992. Dr. Van Buren's business form is a sole proprietorship, not a corporation or a partnership.

**{¶3}** Appellant is the owner of a West Highland Terrier named Bentley who was born December 7, 2007. Appellant first brought Bentley to Fairfield Animal Hospital in February of 2008 for shots and an exam. Dr. Van Buren continued to

provide routine veterinary care for Bentley between February 25, 2008, and April 20, 2009.

**{¶4}** On January 15, 2009, Appellant presented Bentley to Dr. Van Buren seeking treatment for the dog's red, itchy skin and ears. Appellant made no mention of any problems she observed regarding Bentley's penis or genital area at that time. After examination, Dr. Van Buren diagnosed Bentley with generalized allergic dermatitis with secondary pyroderma, and he prescribed antibiotics and an anti-inflammatory. Dr. Van Buren also provided Appellant with literature regarding interdigital pyroderma and atopy. Bentley was rechecked by Dr. Van Buren on January 20, 2009. At that time, Bentley's penile sheath appeared to be inflamed and traumatized. Dr. Van Buren concluded that this condition occurred as a result of Bentley's generalized allergic dermatitis condition. He dispensed a topical ointment with an antibiotic, an antifungal agent, and an anti-inflammatory agent to be rubbed on the affected areas.

**{¶5}** On January 21, 2009, Appellant contacted Dr. Van Buren, indicating Bentley was licking his prepuce, which was bleeding. She requested that Dr. Van Buren prescribe a nerve pill to calm Bentley down, and he prescribed a mild tranquilizer. Appellant brought Bentley back for an examination to determine the cause of the bleeding. Upon examination, Dr. Van Buren found Bentley's penile sheath and penis to be normal. Dr. Van Buren then passed a urinary catheter easily into Bentley's bladder with no resistance, and the urine was normal in color and consistency. There was no blood in the urine, and there was no evidence of fracture

of the "os penis" (the bone in the penile sheath of a canine). At that time, Dr. Van Buren noted no abnormalities in Bentley's reproductive tract or urine, and concluded that Bentley's bleeding was probably the cause of self-trauma. Dr. Van Buren then dispensed a protective Elizabethan collar to prevent Bentley from biting or gnawing the traumatized area.

{¶6} Appellant reported that Bentley's biting behavior continued over the next few weeks, and she provided Dr. Van Buren with an updated status report and request for medication refills on January 26, 2009, and February 4, 2009. On the latter occasion, Appellant reported that Bentley had begun biting and chewing his penis again, causing bleeding. She also requested they try something besides the collar and the sedative. Dr. Van Buren provided a treatment for canine obsessive compulsive disorder.

{¶7} Bentley continued to be treated medically between February 9 and March 21, 2009. On April 9, 2009, Dr. Van Buren saw Bentley again and noted that the dog was still engaged in recurrent licking of the penis area. Dr. Van Buren attributed this problem to a probable underlying separation anxiety issue. On April 20, 2009, Dr. Van Buren prescribed more antibiotic ointment. This was the last time Dr. Van Buren provided veterinary care and treatment for Bentley.

{¶8} On April 22, 2009, Appellant took Bentley to get a second opinion from veterinarian T.E. Reeping, D.V.M. at the Crago Veterinary Clinic in Youngstown. According to the Crago Veterinary Clinic records, appended to Dr. Van Buren's affidavit, Dr. Reeping found the dog's penis was ulcerated and bleeding on that

occasion. There is nothing in Dr. Reeping's records which would suggest the penis bone was fractured as of April 22, 2009. Dr. Reeping recommended Bentley be examined by a veterinary surgical specialist.

**{¶9}** On April 28, 2009, Appellant presented Bentley to Dr. Sheldon Padgett, D.V.M., a veterinary surgeon associated with Metropolitan Veterinary Hospital in Akron. Upon examination, Dr. Padgett diagnosed a fracture of the penis bone, and recommended penile amputation, which was successfully performed by Dr. Padgett the same day.

### Statement of the Case

**{¶10}** A complaint sounding in professional veterinarian negligence was filed on March 11, 2011 in Mahoning County Court No. 5. Dr. Van Buren filed his answer to the complaint on March 25, 2011, and filed a motion for summary judgment on March 31, 2011.

**{¶11}** On April 13, 2011, Appellant filed a Civ.R. 56(F) motion seeking an additional 90 days within which to respond to Dr. Van Buren's motion. On April 22, 2011, the trial court sustained the motion, ordering her to respond by July 12, 2011. The trial court's order also set the non-oral hearing date for summary judgment on July 12, 2011.

**{¶12}** Appellant filed her memorandum in opposition to defendant's motion for summary judgment with the court on July 12, 2011. Attached to the memorandum was an unsworn, undated, and unsigned affidavit of Appellant's veterinary expert, Sheldon Padgett, D.V.M. On August 1, 2011, Dr. Van Buren filed a reply brief.

**{¶13}** On August 5, 2011, without obtaining leave of court, Appellant filed a signed affidavit from Dr. Padgett. This was done twenty-four days after the dispositive motion response date of July 12, 2011. The affidavit itself was not executed until July 20, 2011, which was eight days after the discovery deadline date had passed.

**{¶14}** On August 12, 2011, the trial court sustained Dr. Van Buren's motion for summary judgment, dismissing the suit. This appeal followed.

Standard of Review

**{¶15}** An appellate court reviews a grant of summary judgment de novo, independently and without deference to the trial court's decision. *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶5, citing *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶8. "A grant of summary judgment will be affirmed only when the requirements of Civ.R. 56(C) are met." *Adkins v. Chief Supermarket*, 3d Dist. No. 11-06-07, 2007-Ohio-772, at ¶7. The party moving for summary judgment must establish: (1) there are no genuine issues of material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. *Id.*, citing Civ.R. 56(C); *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS PLAINTIFF/APPELLANT HAS PRESENTED SUFFICIENT COMPETENT EVIDENCE SHOWING GENUINE ISSUES OF MATERIAL FACT.

A. The timeliness of the affidavit of Sheldon Padgett, D.V.M.

**{¶16}** Appellant contends that the July 20, 2011, affidavit of Dr. Padgett presented genuine issues of material fact that should have prevented the court from granting summary judgment to Appellee. Appellee argues, in response, that the affidavit was not filed in time to be used as evidence to overcome summary judgment. Appellee is correct.

**{¶17}** In a veterinary malpractice action, " '[p]roof of the recognized standards [of the medical community] must necessarily be provided through expert testimony.' *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 131-132, 346 N.E.2d 673. Additionally, the issue of 'whether the [defendant] has proceeded in the treatment of a patient with the requisite standard of care and skill must ordinarily be determined from the testimony of medical experts.' *Id.* at 130, 346 N.E.2d 673." *Ullmann v. Duffus*, 10th Dist. No. 05AP-299, 2005-Ohio-6060, ¶15. Without proper expert testimony, Appellant could not create a genuine issue of material fact. Thus, it is important to know whether or not the expert's affidavit was actually filed properly and on time. Although the trial court did not mention the untimeliness of the affidavit as a reason for granting summary judgment, it is certainly an issue for us to consider on appeal.

"[A] reviewing court may affirm the trial court's judgment for reasons that are different from those used by the trial court." *DeLost v. Ohio Edison*, 7th Dist. No. 10 MA 162, 2012-Ohio-4561, ¶15.

**{¶18}** The record reflects that Dr. Van Buren filed his motion for summary judgment on March 31, 2011. On April 13, 2011, Appellant filed a Civ.R. 56(F) motion seeking an additional 90 days to respond to the motion for summary judgment in order to depose Dr. Van Buren. However, this deposition never occurred.

**{¶19}** On July 12, 2011, Appellant filed her brief in opposition to Dr. Van Buren's motion for summary judgment. Attached to her brief were two documents: (1) the affidavit of Appellant Jeannine Cerimele, dated July 8, 2011; and (2) the unsigned and unsworn proposed affidavit of Dr. Padgett. The proposed affidavit did not comply with the evidentiary requirements set forth in Ohio Civ.R. 56(C) or (E). Thus, Dr. Padgett's "affidavit" did not create any genuine issue of material fact that would preclude summary judgment, at least not on July 12, 2011.

**{¶20}** Mahoning County Court Local Rule 8(H)(2) provides:

Upon the filing of a motion for summary judgment, the opposing party may file a response within fourteen (14) days of receipt thereof, together with any accompanying briefs, affidavits or other material pursuant to Civil Rule 56(C), unless said time is extended by the Court.

**{¶21}** In this case, the time for filing Appellant's response was extended by the trial court to July 12, 2011. It is apparent from the local rule that all evidentiary materials were required to be filed by that date.

**{¶22}** On August 5, 2011, Appellant filed the signed and sworn affidavit of Dr. Padgett. The affidavit indicates that it was executed on July 20, 2011, eight days after the dispositive motion response cutoff date of July 12, 2011. The affidavit was filed without first obtaining leave of court. The trial court was not obligated to consider the affidavit when addressing the motion for summary judgment on August 12, 2011, and neither is this Court.

**{¶23}** Since Dr. Padgett's affidavit was not timely filed and was never explicitly used or even acknowledged by the trial court, we will not accept it as properly filed evidence in opposition to summary judgment. As there is no expert evidence to support Appellant's claim, the trial court properly granted summary judgment to Dr. Van Buren.

B. The content of the affidavit of Sheldon Padgett, D.V.M.

**{¶24}** Even if we assume that the trial court had considered Dr. Padgett's July 20, 2011 affidavit, it creates no genuine issue of material fact to overcome summary judgment in Dr. Van Buren's favor.

**{¶25}** In Ohio, "in order to establish negligence by a veterinarian, it must be shown that the injury complained of was caused by the doing of a particular thing that a veterinarian of ordinary skill, care and diligence would not have done under like or similar circumstances, or by the failure or omission to do some particular thing that such a veterinarian would have done under like or similar circumstances." *Turner v. Sinha*, 65 Ohio App.3d 30, 35, 582 N.E.2d 1018 (12th Dist.1989), citing *Littleton v. Good Samaritan Hosp. & Health Ctr.*, 39 Ohio St.3d 86, 93, 529 N.E.2d 449 (1988).

"A veterinary malpractice claim has similar elements to a medical malpractice claim. The plaintiff must show (1) a duty to perform according to the appropriate veterinary standards; (2) that the veterinarian breached that duty; 3) that the breach was the proximate cause of the damages; and (4) that the plaintiff suffered damages." *Lauderbaugh v. Gellasch*, 8th Dist. No. 91430, 2008-Ohio-6500, ¶7.

**{¶26}** As noted earlier, these elements must be established by expert evidence. *Bruni v. Tatsumi*, *supra*, 46 Ohio St.2d at 131-132, 346 N.E.2d 673. The expert testimony must establish the injury was more likely than not caused by the defendant's negligence: "The admissibility of expert testimony that an event is the proximate cause is contingent upon the expression of an opinion by the expert with respect to the causative event in terms of probability." *Stinson v. England*, 69 Ohio St.3d 451, 633 N.E.2d 532 (1994), paragraph one of the syllabus. Dr. Padgett's affidavit does not state with any degree of medical probability that Dr. Van Buren's actions were the proximate cause of the injuries alleged in the complaint. Dr. Padgett stated that therapy, rather than surgery, may only have been "possible" rather than probable. (7/20/11 Affidavit, p. 3.) More importantly, Dr. Padgett's affidavit also states: "Failure to discover the fracture, *if present*, during that initial visit and subsequent visits fell below the standard of care for veterinarians." (Emphasis added.) (7/20/11 Affidavit, p. 3.) This is mere speculation, which is not sufficient to overcome summary judgment.

**{¶27}** The affidavit of Dr. Padgett does not provide any expert evidentiary support that Dr. Van Buren caused a compensable injury to Appellant. For this

reason, the affidavit cannot be used as a basis for overturning the judgment of the trial court even if it had been timely filed. Appellant's assignment of error is overruled.

## Conclusion

**{¶28}** Appellant has alleged on appeal that there are genuine issues of material fact in dispute in this case and that the summary judgment in favor of Dr. Van Buren should be reversed. The record reflects that the affidavit of Dr. Padgett, which was Appellant's sole basis for arguing that the motion for summary judgment was inappropriate, was not filed on time. More to the point, the affidavit does not establish that veterinary malpractice took place, particularly the element of proximate cause. For these reasons, Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.